NEW YORK,
May, 1827.
———
Edson
v.
Weston.
The defendant is, therefore, entitled to judgment, with. leave to the plaintiff to withdraw his demurrers, and reply on payment of costs.

Rule accordingly.

---

EDSON *against* WESTON.

A naked bailee of a chattel, e. g. one who gives a receipt for it to be kept and delivered to another at a certain time, without reward, is responsible for gross neglect only.
ASSUMPSIT against the defendant, as bailee, for not de-livering to the plaintiff a horse and harness, as he had pro-mised; tried at the Saratoga circuit, June 2d, 1825, before WALWORTH, C. Judge. Plea, the general issue.

If a chattel be taken from one who re-ceipts and pro-mises in writ-ing to re-deliv-er it, by an-other who has a paramount title, the bailee is discharged.
At the trial, it appeared that the defendant executed to the plaintiff an instrument in writing, dated June 29th, 1821, by which he acknowledged that he had received of the plaintiff the horse and harness in question, the pro-perty of G. M. Fowle, said to be holden by the plaintiff in pledge; and he stipulated to deliver them to the plaintiff at Waterford, Saratoga county, or to leave them for him at one of the principal taverns there, on or before the 20th day of July then next. The horse and harness had been, [*279] *on the 25th of June, in the same year, levied on by a con-stable of Waterford, by virtue of two justice's executions against Fowle, who afterwards and before the receipt was executed by the defendant, delivered them to the plain-tiff in pledge for the amount of those executions, and a debt due the plaintiff and one Foster King; the whole being considerably more than the value of the articles.

Thus, where a constable had levied on chat-tels, by virtue of a justice's execution, but left them with the defendant, who pledged them to E., to whom W. gave a receipt, pro-mising to re-deliver them at a certain day;
The defendant offered to prove, that before the horse and harness were delivered to him, a constable of Washing ton county had levied a justice's execution against Fowle, on the same horse and harness; and that after the defend-ant had received them, the latter constable took them from

and before that day, the constable took them from W.; and they were afterwards sold on junior executions; *held*, that this discharged the promise of W.

In an action of assumpsit by E. against W., *held*, that these circumstances were a good defense upon the general issue.

Anything which goes in discharge of a promise, is admissible in evidence under the general issue.

him. That they were also levied upon by executions issued on certain judgments against Fowle, obtained after the date of the receipt; and finally, on the 11th of July, were sold on the latter executions; the creditors in these executions having paid up the one first levied, in Washington county, on an understanding with the constable that the horse and harness should be delivered over and sold on the last.

The judge overruled this evidence, on the ground that it was not admissible under the general issue.

Verdict for the plaintiff.

A motion was now made in behalf of the defendant for a new trial.

*R. Weston*, for the motion, contended that the evidence was admissible under the general issue. (1 Chit. Pl. 471, 2, &c., Com. Dig. Pleader (E. 13.) Wils. Rep. 44; 2 H. Bl. 141; 5 Mass. Rep. 293; 11 John. 531.)

He said the defendant was but a naked bailee, who is responsible for gross neglect only. He is not even accountable for the acts of wrong doers. *A fortiori*, not for the loss of property by act of law. (Bac. Abr. Assumpsit (G.) Pow. on Contr. 248, 9; 2 Ld. Raym. 912 to 915; 2 Esp. Dig. 245, Gould's ed. Bul. N. P. 72; Selw. N. P. 304, note (7,) Wheaton's ed.; 1 Esp. Rep. 317; 1 Campb. Rep. 139, note; 2 Com. on Contr. 388, 389; 2 Bl. Com. 452; Com Dig. Action on the case for mis-feasance, *(A. 4.) Jones on Bailm. 5, 11, 12, 17, 25, 139, 140.)

[*280]

*Doe & Kimball*, contra, as to the question whether the evidence was admissible under the general issue, cited 10 John. 111, 246; 12 id. 455; 2 B. & A. 662.

That the evidence would not constitute a defense, they cited 1 Cowen, 322; and contended that as the property was to be delivered to the plaintiff during the lifetime of the Waterford execution, the case is not within *Brown* v. *Cook*, (9 John. 361.)

*Curia, per* SAVAGE, Ch. J. But two questions can arise:

---

**Margin note:**
NEW YORK,
May, 1827.

Edson
v.
Weston.

NEW YORK,
May, 1827.

Edson
v.
Weston.

1. Did the facts offered to be proved constitute a defense ? and 2. Were they admissible under the plea of the general issue?

As to the first question. The defendant appears to have been a mere depositary. He was neither to give any thing for the use of the property ; nor to receive anything for his trouble in taking care of it. He was, therefore, answerable for gross neglect only.[1] The facts offered, would constitute a defense for any bailee. The property was taken by paramount authority ; the authority of law. The case of *Shelbury* v. *Scotsford*, (Yelv. 23,) is a decisive authority upon the point. The plaintiff declared that he was possessed of a certain horse ; and lent it to the defendant to ride to Y. ; and to deliver it back on a certain day. The defendant pleaded that the horse belonged to J. S. before the plaintiff had anything in him ; and that when he, the defendant, had rode the horse to Y. and was ready to re-deliver the horse to the plaintiff, J. S. re-took the horse. It was held that the matter alleged by the defendant discharged the promise ; and that it was as an eviction of the horse out of the defendant's possession.

That there was, in this case, a written contract, does not vary the legal liability of the defendant. He cannot be charged in this form, farther than he would be by implication of law. (Pow. on Contr. 249.)

It does not appear to have been denied, at the trial, that the facts offered afforded a good defense. The objection

---

[1] There are several cases in which a naked depositary is unanswerable beyond the case of gross neglect. He is answerable, 1. When he makes a special acceptance to keep the goods safely. 2. When he spontaneously and officiously proposes to keep the goods of another. He is responsible in such a case for ordinary neglect; for he may have prevented the owner from intrusting the goods with a person of more approved vigilance. Both those exceptions to the general rule on the subject are taken from the Digest, and stated by Pothier and Sir William Jones. 3. A third exception is, when the depositary is to receive a compensation for the deposit. It then becomes a lucrative contract, and not a gratuitous deposit, and the depositary is held to ordinary care, and answerable for ordinary neglect; and the same conclusion follows, when the deposit is made for the special accommodation of the depositary. 2 Kent's Com. p. 564.

*was, that the defendant could not avail himself of the defense, unless pleaded ; or on notice, with the general issue.

In assumpsit, most defenses are admissible under the general issue. The plea, indeed, denies simply that there was such a contract. But the practice under it has been to receive evidence of matter in discharge, or excuse of the performance ; as a release, or parol discharge, payment, or that it became impossible, or illegal to perform the contract. (1 Chit. Pl. 470, 1, and the cases there cited.) In general, anything may be shown which proves that the plaintiff never had a cause of action. In this case, no cause of action could exist till the 20th of July ; for, till then, the defendant could not be required to return the horse and harness. But by the evidence offered, it appears that the property had previously been taken by legal process, and against the will of the defendant. There is no ground for imputing connivance between him and those who took out the process on which the property was sold.

I am of opinion that the judge erred in refusing the evidence offered ; and that a new trial should be granted.

New trial granted.