Hoyt, J.
 

 For the purpose of showing that the judgment upon which the execution issued had been satisfied, the plaintiff was permitted to prove, that at the sale of property upon a former execution issued upon the judgment, the deputy sheriff said he had sold property enough to satisfy it. I do not deem it important to determine whether this evidence was properly
 
 *455
 
 received or not, as the subsequent evidence clearly showed what property was in fact sold, and the amount it brought. I think however that the evidence was improperly received. The sheriff’s return upon the Jt.
 
 fa.
 
 was prima facie evidence of his proceedings therein,1 but as between these parties it was not conclusive. The sheriff’s return is competent because it is the official act of the officer; and if false in fact, and either party is thereby prejudiced, he has a remedy against the sheriff for the false return. But no such remedy exists for any casual statement which he may have made at the sale. It seems to me such declarations are not competent between these parties either to impeach the return, or to prove the fact of a sale, or the amount of the proceeds thereof. The sheriff was a competent witness for either party, and could have been called to prove the amount of the proceeds of the sale, or the plaintiff might have called any other person, who was present and knew the facts, to testify to the amount the property brought on such sale. But, as I have said, it is not necessary to determine this question.
 

 It appeared from the evidence of the deputy sheriff that he levied the alias fi. fa. upon sufficient property of the defendant therein to have satisfied it, but not enough to satisfy that and the Cozens execution, and that property was levied upon which was not sold. But there was no evidence to show that such property was ever removed or taken from the custody or possession of the defendant in the execution, and no such ground was taken or assumed upon the trial. The court charged the jury, in substance, that if the property of the plaintiff levied upon by the alias fi. fa. was abundantly sufficient to satisfy said execution and the fees of the officer, and would, if sold on said execution, have sold for sufficient for that purpose, then as a matter of law the execution
 
 was satisfied,
 
 although the property was relinquished, unless the sale was defeated or omitted by some act or request of the defendant in the execution ; and the issuing of the further execution would be void, after a voluntary relinquishment of a former levy on sufficient property to satisfy the debt, without the assent of the debtor, or some act of his to prevent the sale.
 

 
 *456
 
 There are some old cases in which dicta are found, that a levy upon sufficient property to satisfy an execution is a satisfaction, but that doctrine has long since been exploded, Where a sheriff levies upon sufficient property, and through his negligence or misconduct it is lost, destroyed or otherwise disposed of, so that the defendant is deprived of the benefit of it, there is no doubt it should be regarded as a satisfaction of the execution, and the plaintiff must in such case seek his remedy against the sheriff. But where the debtor has neither paid the debt, nor been deprived of his property, the simple act of levying upon it is not a satisfaction, whether the debtor has been permitted to retain the property either by his own misconduct, or by his request, or the voluntary act of the officer, because neither works any wrong to him.
 
 (Greene
 
 v.
 
 Burke, 23 Wend.
 
 496;
 
 Ostrander
 
 v.
 
 Walter, 2 Hill,
 
 231;
 
 Taylor
 
 v.
 
 Ranney,
 
 4
 
 id.
 
 621;
 
 Voorhees
 
 v.
 
 Gross,
 
 3
 
 How. S. T. R.
 
 262.) The exception to the charge in this respect was well taken.
 

 The judge also charged the jury “ that in case they should find that at. the time the Phillips execution came to the sheriff's hands, the execution in favor of Cozens & Peck was dormant, then the levy by virtue of the latter would not enure as a levy on the former execution.” The levy on the Cozens execution was good as against the judgment debtor, and if the sheriff had sold under it after it became dormant as against creditors, and after the Phillips execution came into his hands, the sale would not have been void. The defendant in. the execution could not have taken advantage of its being dormant. It would then nave been a mere contest between Cozens and the owner of the Phillips judgment, to determine upon which execution the avails of the sale should be applied. And although the jury should find that the Cozens execution was dormant as against creditors of the judgment debtor, still as against the defendant in the execution, the sheriff had in law the custody and' control of the property under that execution at the time the Phillips ex. ecution came into his hands. No new levy was necessary to authorize him to sell. At all events, the debtor could not complain of the want of a new levy because the old levy was good as against him. (3
 
 B. & Ald.
 
 95.) I think the judge should
 
 *457
 
 nave charged that if the Cozens execution was dormant as against the owner of the Phillips judgment when the execution upon that came into the sheriff’s hands, the old levy was sufficient for both executions; that the Phillips execution should be first paid from the proceeds of the sale, and if there was any surplus it should be applied upon the bank judgment; and that the owner of that judgment was only entitled to such surplus after the payment of the Phillips judgment. He should also have charged that although the sheriff at the time of the sale supposed the proceeds were all to be applied to the payment of the bank judgment, if he discovered his error before making his return, he had a right to make the application of a sufficient amount of the money for that purpose to the payment of the Phillips judgment. In other- words, if he did what the court on a summary application would have required him to do, neither the sheriff nor the owner of the bank judgment should be prejudiced thereby. I think the sheriff properly paid the Phillips judgment from the proceeds of the sale on the alias fi. fa. upon the bank judgment.
 

 The statute declares that if there be several executions issued out of a court of record against the same defendant, that which shall have been first delivered to the officer to be executed shall have preference, notwithstanding a levy may be first made under another execution. But if a levy and sale of any goods and chattels shall have been made under such other execution before an actual levy under the execution first delivered, such goods and chattels shall not be levied upon or sold by virtue of such first execution.
 
 (2 R. S.
 
 366, § 14.) The effect of this provision is to make the sale under such prior execution valid, or to declare that the purchaser’s title shall not be defeated by a subsequent levy and sale under the senior execution. But I apprehend in making a disposition of the proceeds on such sale the sheriff must be governed by the priority in the delivery of the executions to him, unless such prior executions have for some reason become dormant as to the subsequent ones.
 

 An exception was taken to that part of the judge’s charge, directing the jury “ that if they should find from the evidence in the case, that the defendant Tiffany, at the time of the sale
 
 *458
 
 on the bank execution actually applied the avails of that sale to that execution, he could not of his own voluntary act after-wards make an application of thaj;, money on the Phillips judgment, and thereby leave the bank judgment in force.” Justice Morehouse, in delivering the opinion of the supreme court upon this branch of the case, says, “ Phelps had a right to insist that his execution, if not otherwise satisfied, should be out of the property of the plaintiff.” “ That the defendant in this suit was the equitable proprietor of both judgments. He Was one of the defendants in the Phillips judgment, and the assignment to the son was no doubt intended to avoid the consequence of a payment by himself, to wit, an extinguishment of the judgment.” I am unable to find any evidence in the case to show that the defendant advanced the money to pay the Phillips judgment, or that the assignment was taken to his son for his benefit. The only proof upon that subject was the attempt to prove it upon the cross-examination of Mr. Simonds. He testified “ that on the 2d Monday of June, 1844, Phillips assigned his judgment to Albert Tiffany, a son of the defendant. The assignment was made at Mr. Rexford’s office. That Rexford then told the witness, who was a deputy sheriff that he would then receive his directions from him as the attorney of Albert Tiffany. That he could not say it was paid for the defendant. That the judgment was then assigned to the defendant’s son.” It seems to me if this evidence proves anything it proves that the defendant was not the purchaser or owner of the Phillips judgment. It clearly falls far short of proving that he was the owner of it, or that the assignment was made for his benefit and to avoid an extinguishment of the judgment.
 

 The evidence showed that the whole proceeds of the sale which took place in July, 1844, if applied upon the bank execution, would not have satisfied it. There would still have been due upon it $6,39. For that sum the pluries execution might issue. And it may well be doubted whether the direction to collect more than was actually unpaid upon the judgment would render the execution void. I think it would only have been voidable. In such case the plaintiff might, upon a sum.
 
 *459
 
 mary application to the court, have had the execution set aside ‘or that reason, or the direction as to the amount to be levied, nended and corrected. Or he might omit this and permit a sale to take place, and when the sheriff should have sold sufficient to pay the amount actually, due, any further sale upon it would be nugatory. But I can see no substantial reason why a sale to the amount actually due would not be valid under such an execution. In this- case the whole proceeds of the last sale only amounted, to $7,25, which was less than the amount proved to be due for principal, interest and sheriff’s fees, if the whole proceeds of the first sale had been applied upon the bank execution. The judgment of the supreme court should be reversed and a new trial ordered.
 

 Ordered accordingly