Mr. Chief Justice Sharkey
delivered the opinion of the court.
This bill was filed by the appellees to enjoin a judgment at law, rendered against them on a trial of the right of property. In May, 1838, Selser obtained a judgment against G. R. Carradine, and had his execution levied on the property, which is the *719 subject of controversy. In April, 1838, Carradine, being indebted to Shipp, Ferriday & Co., sold them, in payment, a plantation in Yazoo county. At the same time he executed a deed of trust, in which he conveyed the property, on another plantation, to William Ferriday and R. M. Corwine, to secure certain debts therein mentioned. The execution of Seiser was levied on this trust property, and Ferriday claimed it as trustee. An issue was made up, which resulted in a finding that the property was liable to the execution, and that Ferriday’s claim was made for delay.
After the issue was made up, but before it was tried, the property was levied on under executions older .than that of Seiser, and older also than the deed of trust, and the property was'sold under them, Ferriday becoming a purchaser of part of it. These older executions had been previously levied on the property which Carradine had sold to Shipp, Ferriday & Co., and Ferriday sued out an injunction, after which the former levies, at the request and procurement of Ferriday through his agent, were withdrawn, and new levies made on the trust property.
An effort was made to show. this state of facts on the trial of the right of property, but they were not presented in such a shape, as to induce the court to admit the proof as it was. tendered. Ferriday appealed, and the judgment against him was affirmed in this court, the case being reported in 4 How. 506.
He now comes into chancery, and alleges, that because his proof was of a character that only entitled him to introduce it in a court of equity, it was excluded at law. If the transaction was a fair one, it is obviously a hard case on Ferriday; but this will not, of itself, justify a court of chancery in giving relief.
The case underwent an investigation before the chancellor, in which he came to the conclusion, that as there was no adequate remedy at law, and the judgment was unconscientious, it ought not to be enforced. The question must turn upon this, Was there a remedy at law, either in the shape the defence was *720 presented, or in any other shape? If the party had such remedy, or could have had it by proper pleading, he cannot come into equity.
The chief ground relied on for relief in equity, is, that the testimony of Corwine was ruled out at law, by which complainant expected to establish the fairness of the transaction. Is his testimony admissible in equity? Corwine was one of the trustees. The deed secured a debt due to him; it also provided for his protection as surety for Carradine on bonds and notes, and sums of money which he had assumed. Before he was .called to testify, it seems he released all his power as trustee, and his interest to Ferriday. Such a telease could avail nothing. It did not deprive him of the benefits secured. Certainly Ferriday was not authorized to receive a release. The creditors to whom Corwine had become liable were entitled to the benefit of the security afforded by the deed of trust, and without deciding whether he could have released to Carradine alone, without the consent of the creditors, it is very clear that the release to Ferriday did not remove his interest. He was, therefore, incompetent at law, and for the same reason is incompetent in equity. So far, therefore, from his testimony being of an “ equitable character,” it is not even admissible in equity, and must be excluded. A trustee who takes no benefit, is generally a competent witness, but one who does take an interest under the deed, is incompetent.
Is there any other circumstance that entitles the complainant to relief? On an examination of the statute, which regulates the trial of the right of property, we are satisfied that the jury, in assessing the value of the property, should be governed by its value af the time of trial. If the defendant can show a depreciation in value, he may do so. He may show that it was legally taken out of his possession by one having a paramount title. The authorities cited by complainant’s counsel show this. 7 Cow. 278 ; 11 Pick. 223; 10 Mass. 470; 12 Wend. 589.
The question then is, How may this showing be. made ? In the trial at law, of course, by proper evidence under appropriate pleading. It is a question cognizable at law. On the trial at *721 law, the complainant offered to read .the older judgments, the executions and the levies. They were ruled out, and this court held the judgment to be right, because the evidence was not proper under the issue; the question being, whether Ferriday had acquired title to the property under the deed of trust. It was not decided that this evidence was inadmissible under any state of pleading. The issue does not appear in the report of the case, but it is probable that it followed the usual form. If so, what was the jury to try ? Only, whether the deed to Ferriday and Convine was bona, fide. As between the older executions and Selser’s, it is probable no question was presented to them. As to the older executions, Selser had a right to levy and sell, subject to the prior incumbrance. The fault lay then in not so shaping the pleadings as to meet the^ contingency. . After the property was taken out of his possession by the older executions, Ferriday should have pleaded that fact puis darrein continuance, because that fact put an end to Selser’s right to levy on the property; it was no longer liable to his execution. Thornhill v. Gilmer, 4 S. & M. 164. A court of equity will not give relief after a judgment at law, when the remedy at law was fully adequate, and might have been made available by proper skill and vigilance. Green v. Robinson, 5 How. 105; Thomas v. Phillips, 4 S. &. M. 358; Renton v. Crowder, 7 Ib. 185. We differ with the chancellor then, when he says the remedy could not be had at law. On this point his decision turned, and in this we think there was error.
Aside from the rule which excludes the interposition of a court of equity, when the party might have had a remedy at law, there is nothing in this case which seems to entitle it to the favorable consideration of the court. The jury found that Ferriday’s claim was made for delay. The debt of Selser was one which was provided for in the deed of trust, and- yet the first effort of the trustee was to defeat that debt. The testimony of H. F. Carradine, of Slade, Boylan, Turner, and Michie, goes very far to show that the deed of trust-was made in fraud of the creditors of G. R. Carradine, and that Ferriday was a party to the scheme. The older executions were levied on property *722 which had been sold to Shipp, Ferriday & Co., and Ferriday enjoined the sale. He shortly afterwards, through his agent and attorney, prevailed upon the holders of the older executions to withdraw the levy, and make new levies on the trust property, and then waived the advertisement, and the property was sold the day after the levy. It was said by the chancellor that he had a right to do this. True, he had a right in equity to require the plaintiffs in execution to exhaust the property which had not been sold by Carradine, before they resorted to that which had been sold to Shipp, Ferriday & Co. But such precipitancy was not required. Their judgments were then enjoined as to his individual property, and he might have left the plaintiffs to pursue their remedy against the trust property of their own accord. This course is calculated to throw a suspicion over the fairness of the deed of trust. Besides, there are many other circumstances^ which tend to show a want of good faith. The apparrent hardship of the case is, therefore, the less a subject of regret than if the complainant had presented himself without blame. Corwine, it is true, states that the transaction was a fair one. He may have thought so, but he is not a competent witness, and his testimony is, therefore, to be excluded.
Decree reversed, and bill dismissed.
A re-argument was moved for, but not granted.