EDWARD J. WOOLSEY, Appellant, *v.* JOHN R. MORRIS et al., Respondents.

Where an officer having several processes in his hands, some valid and some invalid, levies under all of them upon the personal property of the party against whom they are issued, this alone does not constitute the officer a trespasser, although the invalidity appeared upon the face of the invalid processes or was known to the officer.

In an action of trespass, the trespass complained of was a levy, by virtue of eight tax warrants issued by defendant J., as tax receiver of L. I. City, to defendant W., duly deputized to execute the same ; the warrants commanding the latter to levy the taxes described by distress and sale of the goods and chattels of "E. J. Woolsey." The warrants recited the facts necessary to give jurisdiction, and were regular on their face. The evidence established presumptively that plaintiff was the person intended by the designation in the warrants. Regular warrants for the collection of all the taxes had been issued to J., as tax receiver, by the common council of the city as prescribed by its charter. (Chap. 461, Laws of

1871.) Plaintiff was the owner of the land on account of which the taxes specified in three of the warrants were levied, and he had paid these taxes to J. before the latter issued said warrants to W. The property, on account of which the taxes in the five other warrants were issued, was owned by one Emily P. Woolsey. *Held,* the fact that plaintiff was the person intended could be shown by parol evidence, and the identity being shown, the officer was justified in seizing the property ; that although the issuing of the three warrants was illegal, as the taxes specified therein were paid, yet as the other five had not been paid, although the taxes were illegally assessed against plaintiff, defendant J. was justified in issuing the warrants, and W. in levying by virtue thereof ; that they did not lose their protection because the seizure was also made under the three illegal warrants, in the absence of proof of malice or abuse of process, or of special damage growing out of the levy on the three, separable from the damages arising from the levy on the other warrants.

(Argued June 2, 1884 ; decided June 17, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made the second Monday of September, 1881, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial.

This action was for an alleged trespass in unlawfully levying upon certain personal property belonging to plaintiff.

The facts, so far as material, are stated in the opinion.

*Frank E. Blackwell* for appellant. The " usual warrants," which were admitted to have been issued by the common council, were the warrants which by law the common council was authorized to issue. (Laws of 1881, chap. 461, §§ 12, 13, 14, 20.) The receiver has power to issue his warrant only in case a tax shall remain unpaid at the time it is issued. To issue a warrant for the collection of a paid tax is to do an unlawful and unauthorized act, for which, if injury result to the tax payer, the receiver is certainly liable; and liable, too, not only for the technical trespass, but also for all other damage which his unlawful act may occasion. The receiver is in the position of a judgment creditor who should issue

Opinion of the Court, per ANDREWS, J.

an execution upon a paid judgment. (Laws of 1871, chap. 461, title 6, § 20; *Clements* v: *Clements*, 37 N. Y. 59, 73, 74; *Embury* v. *Conner*, 3 id. 511, 522.) The mistake in levying upon plaintiff's property was actionable. There was no protection to the collector from the similarity of the initials. (*People, ex rel. Haines*, v. *Smith*, 45 N. Y. 772, 778; *People* v. *Ferguson*, 8 Cow. 102; *Farnham* v. *Hildreth*, 32 Barb. 277.)

*J. Ralph Burnett* for respondents. The warrant by the common council protected the collector and the warrant of the collector protected the deputy even if the latter knew it to be void for want of jurisdiction. (Laws 1871, chap. 461, tit. 6, §§ 13, 20; *Niagara El. Co.* v. *McNamara*, 50 N. Y. 653; *Chegary* v. *Jenkins*, 5 id. 376; *People* v. *Warner*, 5 Hill, 440; *Savacool* v. *Boughton*, 5 Wend. 170.) The assessment was sufficient to charge the appellant with taxes. (*Van Voorhis* v. *Budd*, 39 Barb. 479.)

ANDREWS, J. By the charter of Long Island City it is made the duty of the common council to deliver the annual assessment-roll, with the city tax extended thereon, to the receiver of taxes of the city, with a warrant annexed thereto, signed by the mayor under the corporate seal of the city, attested by the clerk, commanding him to collect from the several persons named in the assessment-roll, the amount of the tax or assessment set opposite their respective names. (Chap. 461, Laws of 1871, §§ 12, 13, 14.)

The tax receiver upon receipt of the assessment-roll and warrant, is required to give notice that taxes may be paid to him within sixty days thereafter, and if any tax or assessment shall remain unpaid after the expiration of that time, he is authorized to issue his warrant to any constable, or to any person specially deputized by him, for the collection of the tax by distress and sale of the goods and chattels of the persons taxed, or of any goods or chattels in his possession. (§§ 16, 20.)

The levy upon the property of the plaintiff, constituting the

alleged trespass, was made under eight warrants issued by the defendant John R. Morris, as tax receiver of Long Island City, to the defendant William H. Morris, duly deputized to execute the same, commanding the latter to levy the taxes described in the warants, by distress and sale of the goods and chattels of "E. J. Woolsey." The warrants respectively recited the amount of the tax, the property upon which it was assessed, the name of the owner (E. J. Woolsey), the issuing by the common council of its warrant to the tax receiver, the giving by the latter of the notice, and the expiration of the sixty days thereafter. In short the warrants of the tax receiver recited the necessary facts to confer jurisdiction to issue them, and were regular on their face.

The plaintiff seeks to sustain the action on two grounds, *first*, that warrants for the seizure of the property of E. J. Woolsey did not authorize the seizure of the property of Edward J. Woolsey, and, *second*, that the taxes in three of the warrants had been paid by the plaintiff to the receiver before his warrants were issued; that, as to the five other warrants, the taxes therein were upon property which the plaintiff had never owned or occupied, and were illegal and void. The evidence presumptively establishes that the plaintiff was the person intended by the designation in the warrants. The case shows that he was the owner of the land on account of which the taxes in three of the warrants were levied, and that he paid the taxes in these cases, thereby recognizing himself as the person designated by the name of E. J. Woolsey. It also appears that the property on account of which the taxes in the five other warrants were levied, was owned by one Emily P. Woolsey, but her relation (if any) to the plaintiff does not appear. But, taking the fact that the plaintiff was taxed in respect of property owned by him, by the name of E. J. Woolsey; that the taxes in all of the warrants related to property in Long Island City, where the plaintiff had resided for many years; that no other person by the name of E. J. Woolsey was shown to have resided there; and that the plaintiff gave no evidence leading to any other inference, we think the identity

of E. J. Woolsey with the plaintiff was presumptively established.. The fact that the plaintiff was the person intended could be shown by parol evidence, and the identity being shown, the officer was justified in seizing his property for the payment of the tax. (See *Sheldon* v. *Van Buskirk*, 2 N. Y. 476; *Elliot* v. *Cronk's Admrs.*, 13 Wend. 35; *Rhoades* v. *Selin*, 4 Wash. 718.)

The other ground upon which the action is sought to be maintained depends upon the application to the facts, of the rule that a ministerial officer is protected in the execution of process regular on its face, issued by a court, officer or body having general jurisdiction of the subject-matter, or jurisdiction to issue it under special circumstances, although in fact jurisdiction of the person or subject-matter did not exist in the particular case. The rule is founded in public policy for the protection of public officers charged with the duty of executing process, who generally cannot know, or have not the means of ascertaining whether the court, body or officer issuing the process had acquired jurisdiction to render the judgment or to institute the proceeding upon which the process is founded. (*Savacool* v. *Boughton*, 5 Wend. 170; *Earl* v. *Camp*, 16 id. 562; *Bennett* v. *Burch*, 1 Den. 141; *Chegaray* v. *Jenkins*, 5 N. Y. 376.)

We think the defendants are protected by this principle. It is admitted that regular warrants were issued by the common council to the tax receiver for the collection of all the taxes in question. The tax receiver was not bound to inquire whether the taxes were legally assessed. He was justified by the command of the warrants in proceeding to issue his warrants for the collection of the taxes specified in the tax-rolls, in case of their non-payment after due notice.

Assuming as is claimed, and indeed as is found by the former judgment in the action between these parties, that the taxes legally assessed against the plaintiff, embraced in the three warrants before mentioned, were paid by him prior to December 30, 1879, when the eight warrants were issued, yet the taxes specified in the other five warrants had not been paid, and

although they were illegally assessed against the plaintiff, that fact was neither known to the defendants, nor were they bound to inquire in respect to it. (*Webber* v. *Gay*, 24 Wend. 486; *People* v. *Warren*, 5 Hill, 440.) The common council in due course had issued its warrants commanding their collection, and the defendant John R. Morris, as tax receiver, in turn, duly issued his warrants to carry out the command of his superior. There was no defect of jurisdiction appearing on the face of any of the warrants, and the common council had jurisdiction of the subject of taxation within the limits of the charter. The tax receiver was, therefore, justified in obeying the command of the common council, and the defendant, William H. Morris, in obeying the command of the tax receiver. As between the parties the seizure under the five warrants was not a trespass on the part of the defendants, and they did not lose their protection because the seizure was also made under three other warrants for taxes which had been paid to the receiver. There is no question of malice or abuse of process, or special damage growing out of the levy on the three warrants, separable from the damages arising from the levy on the other warrants. The trespass consisted in the levy on the property and the advertisement of sale. The property, though formally for a time put into the hands of a tenant, was practically left in the possession of the plaintiff, and the levy was subsequently abandoned.

Where an officer having several processes in his hands, some valid and some invalid, levies under all of them upon the personal property of the party against whom they are issued, the bare levy does not, we think, constitute the officer a trespasser, although the invalidity of the invalid processes was known to the officer or appeared on their face. What he did was no more than the officer was justified in doing under the valid process. A different question would be presented if, after a satisfaction of the valid processes, the defendants should then claim to hold or sell the property under the others. (See *Peck* v. *Tiffany*, 2 N. Y. 451.)

We think the case was properly decided below, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.