JOHNSON LIVINGSTON, AS PRESIDENT OF THE NATIONAL EXPRESS COMPANY, APPELLANT, *v.* FREDERICK MILLER, RESPONDENT.

*Execution of process, regular on its face, by a ministerial officer — he will not be held liable unless a perfect cause of action is established against him — right of an express company to maintain an action of replevin, for goods taken from it under an attachment against the consignee.*

Upon the trial of this action, brought by the plaintiff, an express company, to replevy certain cigars which had been levied upon by the defendant, a constable, under an execution issued on a judgment recovered in a Justice's Court against one Babcock, it appeared that on October 12, 1885, Babcock was the owner of a package of cigars lying in the office of the express company subject to a charge for carriage; that on that day the plaintiff, in the action in which the judgment was recovered, obtained a warrant of attachment against Babcock, upon the ground that he had departed from the county of his residence with intent to defraud his creditors; that, under this attachment, the defendant attached the cigars, paid the charges and took them into his possession, where they remained until the levy under the execution was made.

*Held*, that as the attachment and execution were regular on their face, and the defendant had acted in good faith in attempting to discharge his duty as a public officer, he should not be held liable for damages unless a perfect cause of action was established against him.

That the plaintiff could not recover, upon the ground of having some interest or lien on the cigars, as its lien for charges had been paid, nor upon the theory that it was liable to Babcock, the consignee, because the cigars, having been taken under a legal process, valid on its face, the plaintiff was not liable to the true owner for the failing to deliver them.

*Bliven* v. *The Hudson River Railroad* (36 N. Y., 403); *Stiles* v. *Davis* (1 Black [U. S.], 101) followed.

APPEAL from a judgment of the County Court of Otsego county, affirming a judgment of a Justice's Court in favor of the defendant.

*L. W. & M. D. Baxter,* for the appellant.

*John B. Holmes,* for the respondent.

FOLLETT, J.:

Appeal from a judgment of the county court affirming a judgment of a justice's court.

October 12, 1885, Robert D. Babcock of Worcester, New York, was the owner of a package of cigars lying in the office of the National Express Company at East Worcester, New York, subject to a charge of twenty-five cents for carriage. On that day M. Strasser & Co. obtained from a justice of the peace of the town of Worcester, a summons and a warrant of attachment against Babcock for the recovery of thirteen dollars due for merchandise sold. The attachment was obtained upon the ground that defendant had departed from the county of his residence with intent to defraud his creditors, and to avoid the service of a summons. The summons and attachment were delivered to Frederick Miller, a constable of said town, who, October 12, 1885, attached said cigars, paid said charges and took the cigars into his possession. On the same day (Babcock not being found in the county), the summons, attachment and inventory were served, pursuant to section 2910, Code Civil Procedure, by leaving copies with Babcock's wife, at his place of residence. Upon the return day of the summons, M. Strasser & Co. recoverd a judgment against Babcock, who did not appear, for eighteen dollars and ninety-eight cents damages and costs; upon which an execution was issued and delivered to the defendant, who, October 20, 1885, levied upon the cigars then held by him under said attachment. October 27, 1885, this action, replevin, was begun and the cigars taken from the defendant and delivered to the plaintiff. The plaintiff alleges that defendant wrongfully took and converted said cigars. The justice rendered a judgment in favor of the defendant for a return of the cigars, or for their value, fifteen dollars, in case a return could not be had, with costs. The county court affirmed the judgment, with costs, and the plaintiff appealed.

The attachment was valid on its face and so was the execution; and the defendant having acted in good faith in attempting to discharge his duty as a public officer, should not be held liable for damages, unless a perfect cause of action is established against him. The plaintiff does not claim the property as owner, but upon the ground of some special interest or lien. It had no lien for carriage, because its charges had been paid. It cannot recover upon the theory that it is liable to Babcock, the consignee, because the cigars having been taken under a legal process, valid on its face, it is not liable to the true owner for failing to deliver. (*Bliven* v. *The H. R. R. R. Co.*, 36 N. Y., 403; *Stiles* v. *Davis*, 1 Black. [U. S.], 101.) Before bringing this action the plaintiff should have paid or tendered to the defendant the charges which he paid for the carriage of the goods. If Babcock has been injured, he can maintain his action; but this plaintiff failed to establish a cause of action.

The judgment is affirmed, with costs.

HARDIN, P. J., concurred.

MARTIN, J.:

While I am of the opinion that the affidavit upon which the attachment against Babcock was issued was insufficient, on the ground that it failed to show facts which would justify the conclusion that the defendant in that action had departed from the county where he last resided with intent to defraud his creditors, or to avoid the service of a summons, I cannot reach the conclusion that the attachment and execution, which were regular on their face, afforded the officer no protection for the acts done under them. It seems to me that it is well settled that ministerial officers are protected in the execution of process regular on its face, issued by a court or officer having general jurisdiction of the subject-matter, or jurisdiction to issue it under special circumstances although in fact jurisdiction of the person or subject-matter did not exist. (*Woolsey* v. *Morris*, 96 N. Y., 311, 315, and cases cited in opinion.)

In *Clearwater* v. *Brill* (63 N. Y., 627), which was an action of replevin, it was held that an officer acting under process apparently valid but actually void, may avail himself thereof for a defense, and the validity of such process cannot be assailed. (See, also, *Hill* v. *Haynes*, 54 N. Y., 153; *Bodine* v. *Thurwachter*, 34 Hun,

6, 9; *People* v. *Warren*, 5 Hill, 440.) The remedy of the injured party in such a case is not against the officer but against those setting a void process in motion. (*Kerr* v. *Mount*, 28 N. Y., 659.) But it may be said that the plaintiff does not claim under Babcock, and hence, that the process does not protect the officer as against the plaintiff. If the plaintiff does not claim under Babcock it is very difficult to see what claim it has. Surely it has no title or special property to the cigars in question. All its charges have not only been paid, but the money so paid is still retained by it. If it claims that it would be liable to Babcock, the doctrine of the cases of *Bliven* v. *Hudson River Railroad Company* (35 Barb., 188, 191; S. C., 36 N. Y., 403), *Stamford Steamboat Company* v. *Gibbons* (9 Wend., 327, 331), *Edson* v. *Weston* (7 Cow., 278), seem adverse to that claim.

These considerations lead me to the conclusion that the judgment of the Justice and County Court should be affirmed, with costs; and to concur in the opinion of my brother FOLLETT in this case.

HARDIN, P. J., concurred.

Judgment of the County Court of Otsego county and that of the Justice's Court affirmed, with costs.