### VAN CUREN v. SWITZER.

*(Supreme Court, General Term, Fifth Department.* October 23, 1890.)

1. JUSTICES OF THE PEACE—PLEADINGS—AMENDMENT.

   In trover brought in a justice's court, defendant denied the complaint, and afterwards filed an amended answer which set up matters of justification, but contained no denial. *Held* that, under the rule that pleadings in justices' courts are to be liberally construed, and since defendant evidently intended the amended answer to be in *addition to the denial* contained in the original answer, it would be so considered, and all matters which might have constituted a defense under the original and amended answers should have been admitted.

2. TROVER AND CONVERSION—SEIZURE UNDER REQUISITION IN REPLEVIN.

   Where it appears in trover for a horse that defendant was a constable, and that he took the horse under a requisition in replevin, which was regular and valid on its face, and was issued by a court having general jurisdiction of the subject-matter, no recovery can be had against him.

Appeal from Steuben county court.

Action by Josiah Van Curen against Frank Switzer for the conversion of a horse. A judgment rendered in the justice's court in favor of plaintiff was reversed by the county court, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Monroe Wheeler,* for appellant. *J. F. Parkhurst,* for respondent.

CORLETT, J. The action was originally commenced before a justice of the peace in trover for the conversion of a horse. The defendant denied the complaint, and afterwards he amended his answer by setting up various matters in justification. A trial was had, and the plaintiff gave evidence tending to show ownership of the horse, a conversion, and the value. The defendant offered evidence for the purpose of establishing his defense, which was objected to, and excluded, mainly upon the ground that the amended answer, not containing a specific denial, admitted everything the plaintiff alleged in his complaint. Judgment was rendered for the plaintiff. The county court reversed this judgment without writing an opinion, or stating the grounds upon which the reversal was based. The papers tend to show that this horse had been previously sold on an execution; also that he had been taken on a requisition

issued by a justice of the peace in replevin proceedings. Pleadings in jus-
tices' courts are to be liberally construed. The plaintiff looked upon his cause
of action as not admitted; for he gave evidence tending to prove it; and then
succeeded in excluding the defendant's evidence upon the ground that the
amended answer superseded the original answer, and that the allegations in
the complaint were fully admitted. It is very clear that the amended portion
of the answer was intended by the pleader to be in addition to the denial, and
all the matters which might constitute a defense under the original and amended
answers should have been admitted. The question as to whether there was
a defect in the proofs offered by the defendant is not clearly before this court,
as all the previous proceedings do not appear in the case; but, so far as can
be gathered from the case and briefs, the proofs of all the matters alleged by
the defendant would have constituted a defense.

It also appears in this case that the defendant was a constable, and that the
taking by him was under a requisition in replevin, regular and valid.upon its
face. This process was a perfect protection to the defendant, being issued to
him as an executive officer by a court having general jurisdiction of the sub-
ject-matter. *Woolsey* v. *Morris*, 96 N. Y. 315. The decision of the county
court seems to have been correct, and the judgment must be affirmed. All
concur.