ADELAIDE KNIGHT, Respondent, v. ALONZO CHURCH, Appellant.

*Judgment — satisfaction by an execution sale — evidence as to the value of the property, immaterial.*

On the question of the satisfaction of a judgment by execution, raised as a defense to an action on the judgment, evidence of the value of property of the judgment debtor upon the premises where the execution sale took place, but not levied upon under the execution, or levied upon and not sold, and of which the judgment debtor had not been deprived by the act of the judgment creditor, is immaterial.

When an execution sale has been fairly conducted, the amount for which the property sold, and not its value, is the only sum that can be applied on the judgment and with which the judgment creditor is chargeable in satisfaction of the judgment.

APPEAL by the defendant, Alonzo Church, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Jefferson county on the 17th day of June, 1892, upon the report of a referee.

*C. W. Thompson,* for the appellant.

*Wayland F. Ford,* for the respondent.

MARTIN, J.:

This action was upon a judgment entered in Jefferson county, in favor of the National Union Bank of Watertown, against the defendant and Martin V. Knight, for $265.16.

The defense was payment. The issues in the action were referred to a referee to hear and determine. The referee found that such judgment was duly recovered; that it was assigned by the bank to the plaintiff May 9, 1887; that as between him and Martin V. Knight, the defendant was liable for the amount due thereon; that there had only been paid thereon the costs of the action, twenty-three dollars and forty-two cents, twenty-five dollars March 20, 1878, and fourteen dollars May 10, 1878; that on October 4, 1887, the defendant, with full knowledge of the assignment and the amounts paid on such judgment, settled and paid his then existing indebtedness to the Union bank; that the payments to the bank or its attorney to apply on the obligation held by it against the defendant did

not equal the amount of such obligations and interest, and that the defendant acquiesced in and ratified the applications of the money paid on his obligations to the bank at and before the time of such settlement.

As a conclusion of law the referee held that the plaintiff was entitled to recover of the defendant $241.74, with interest from October 23, 1877, which amounted to $393.69, after deducting twenty-five dollars paid March 23, 1878, and fourteen dollars paid May 10, 1878, and directed judgment accordingly.

The only issue between the parties in this case arose upon the allegation in the answer that the judgment upon which the action was brought had been paid. The burden of proof was upon the defendant to establish this defense. A careful study of the evidence contained in the appeal book renders it quite manifest that the defendant did not establish his defense with sufficient clearness to require the referee to find in his favor upon that issue. Indeed, we think the evidence was quite sufficient to justify the referee in finding affirmatively that no portion of the judgment had been paid except as found by him in his report. Hence, we see no reason to disturb the judgment appealed from unless the referee has committed some error in the reception or rejection of evidence which requires a reversal.

On the trial the defendant testified to the value of certain property which he had upon his farm at the time of the sale upon executions issued upon the judgment upon which this action was brought, and other judgments against the defendant. The plaintiff moved to strike out the evidence as to the value of the property on the ground that the same was sold on execution against the defendant, and that an execution creditor was only chargeable with the amount for which the property sold on the execution, and, also, on the ground that the evidence was improper and inadmissible. This motion was granted, and the evidence was stricken out. To this the defendant excepted. He then offered to prove the value of the hay sold, the mowing machine, hay, oats, wheat and straw. This the referee declined to permit, but stated that he would allow the defendant to prove the amount of the property sold, to whom sold and the amount for which the same was sold. To that ruling the defendant excepted.

An examination of the appeal book shows that the witness had testified that he had, at the time of the sale on the place occupied by Burgen, certain articles of property mentioned, giving the value of each, without showing that it was the property levied upon by the sheriff. There was no evidence in the case to show that any portion of the property levied upon was removed from the defendant's premises, except that which was sold by the sheriff, or that the sale was not in all respects fair and properly conducted by the officer who made it. Under such circumstances, it is difficult to perceive how the judgment upon which this action was brought could have been regarded as satisfied except to the extent of the sum received upon such sale and applied upon the execution issued thereon, especially as there was evidence which tended to show that the defendant .gave directions as to the manner in which the money realized on such sale should be applied. If the property mentioned by the defendant was not levied upon, or levied upon and not sold, nor he deprived of it by the act of the plaintiff's assignor, it would in no way operate as a satisfaction of the judgment. (*Peck* v. *Tiffany*, 2 N. Y. 451, 456.) Hence, evidence of its value was immaterial and improper. As to the value of that sold on execution, if the sale was fairly conducted, the amount for which it was sold was the only sum that could be applied upon the judgment. Moreover, this evidence was given after the defendant had rested, and the referee may well have excluded the evidence upon the ground that the defendant should have given it, if admissible, before resting his case, and that it was not admissible in rebuttal. We find no error in this ruling which would justify us in disturbing the judgment.

Nor do we find any reason to disturb the judgment because of the referee's refusal to find the defendant's ninth, fourteenth and sixteenth requests.

We think the decision and judgment were sustained by the evidence, and that there were no errors in the rulings, to which our attention has been called, which would justify a reversal of the judgment.

The judgment must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.