ULYSES M. WARNER, impleaded, etc., Appellant, *v.* ELIZA CRANE, Appellee.

#### APPEAL FROM WINNEBAGO COUNTY COURT.

The giving of further day of payment to a principal debtor, without the assent of the surety, discharges the latter from liability.

Pleas stating the above fact amount only to the general issue, and will be bad on special demurrer; and if there was a plea of non-assumpsit, and no bill of exceptions showing the contrary, it will be presumed that the party availed himself of this defense on the trial, and a judgment against him will be sustained.

THIS was an action of assumpsit, tried at the June term, 1857, of the County Court of Winnebago county. Both defendants appeared and pleaded, and judgment against defendants for $183.48, and costs of suit, from which judgment defendant Warner alone appealed to this court.

Plaintiff declared in an action of assumpsit against both defendants. The declaration contained one special count and the common counts. The special count was upon the note of said defendants, U. M. Warner and Ben. Davis, for the sum of two hundred dollars, dated August 13, 1856, payable to Edward M. Kitchell, or order, sixty days after date thereof, signed Ben. Davis, U. M. Warner, which note had been indorsed by Edward N. Kitchell, to the plaintiff.

Defendants severed in their pleas.

Defendant Davis pleaded the general issue, and gave notice in substance that the beneficial interest in said note was still in Kitchell, the payee thereof; that the note was for money loaned, and that more than the legal rate of interest was included in said note; and that he had paid said Kitchell money at three different times, for the extension of time of payment of said note,

after maturity thereof, amounting to $28; and plaintiff added similiter to plea of defendant Davis.

Defendant Warner pleaded, in said cause, four pleas:

1st. The general issue.

2nd. That defendant Warner signed the note in question as surety for the other defendant, which Kitchell, the payee of the note, then well knew; that the note was not indorsed until after it became due, and that said Kitchell was then the real owner of the note, and the person for whose benefit the suit was prosecuted. That at the maturity of said note, said Kitchell (then being the owner thereof), without the knowledge or consent of the defendant Warner, for the sum of eight dollars to him paid by said defendant Davis, contracted and agreed with defendant Davis to extend the time of payment of said note for sixty days after maturity thereof, to wit, from October 13, to December 13, 1856.

3rd. That the note in question, in fact, belonged to Edward N. Kitchell, the payee thereof, and that the suit was prosecuted for his benefit. That defendant Warner signed the note as surety for defendant Davis, which fact was known to Kitchell at the making said note; that said Kitchell was the owner and holder of the note at its maturity, and that he, said Kitchell, then, without the knowledge or consent of said Warner, in consideration of eight dollars, then paid him by said Davis, agreed with said Davis to extend the time of payment of the note for sixty days after maturity thereof, to wit, until December 13th, 1856. And that on said 13th day of December, 1856, said Kitchell, he still being the owner of the note, (without the knowledge or consent of defendant Warner,) in consideration of the sum of ten dollars, to him paid by said Davis, agreed with said Davis further to extend the time of payment of said note for the period of sixty days, to wit, until February 13th, 1857. And that on said 13th of February, 1857, said Kitchell, still being the owner of said note, in consideration of the further sum of ten dollars, to him paid by said Davis, again agreed with said Davis to extend the time of payment of said note sixty days, to wit, until April 13, 1857; all of which was unknown to defendant Warner.

4th. That the plaintiff has no interest in the supposed promises upon which action was brought; that the same belong to Edward N. Kitchell; that Kitchell was the beneficial owner of the note in question, and the payee therein, and the same was not assigned until long after maturity. That defendant Warner, at the making said note, signed the same as surety for Davis, and in no other capacity, which was then known to said Kitchell,

the payee; that afterwards, and after the maturity of the note, to wit, on the 13th day of December, 1856, the said 'Kitchell, he still being the holder and owner of the note, in consideration of the sum of ten dollars, then paid him by said defendant Davis, then contracted and agreed with said Davis, without the knowledge or consent of Warner, to extend the time of payment of said note for the period of sixty days from that date, to wit, until 13th February, 1857 ; concludes with a verification to the plea so pleaded by the defendant Warner, wherein he put himself upon the country. The said plaintiff added a similiter.

And the said plaintiff, by her counsel, then demurred to the said second, third and fourth pleas so pleaded by defendant Warner, and each of them.

And assigned, for cause of demurrer,

That said second, third and fourth pleas, each amounts to the general issue.

And thereupon the court, upon hearing said demurrer, sustained the same to the said second, third and fourth pleas, so pleaded by defendant Warner, and rendered judgment for the plaintiff thereon, against defendant Warner.

To the opinion of the court, in so sustaining said demurrer to said second, third and fourth pleas, and entering judgment thereon against him, said defendant Warner, by his counsel, excepted.

The said cause was then submitted to SELDEN M. CHURCH, Judge of said court, for trial, without the intervention of a jury, and the court found the issues for plaintiff, and assessed her damages at one hundred eighty-three forty-eight one-hundredths dollars.

And thereupon, defendant Warner moved the court for a new trial, which motion was overruled by the court.

And thereupon, the court rendered judgment in favor of said plaintiff, and against said defendants, for the sum of one hundred and eighty-three forty-eight one-hundredths dollars, beside costs of suit.

And thereupon, defendant Warner prayed an appeal to the Supreme Court of Illinois, which was granted.

Errors assigned : That the court erred in sustaining the demurrer of the plaintiff to the second, third and fourth pleas of defendant Warner, and each of them, and entering judgment thereon against defendant Warner.

J. L. LOOP, and LATHROP & BROWN, for Appellant.

J. W. WIGHT, for Appellee.

WALKER, J.   The doctrine seems to be well settled, that the extension of time and giving further day of payment by the creditor, on a valid and binding agreement with the principal debtor, without the assent of the surety, discharges the latter from liability on the contract.   *Davis* v. *The People*, 1 Gil. R. 409; *McHatton* v. *The People*, 2 Gil. R. 638.   And the special pleas in this case allege that the payee of the note thus gave time to the principal debtor, without the assent of the surety. They substantially presented a good defense to the action against appellant.   One of them avers that the assignment to plaintiff was made after the maturity of the note, and after the time given for payment after its maturity had expired; and the others, that the beneficial interest in the note was still in the payee.   A person taking negotiable paper over due and dishonored for want of payment, takes it subject to all defenses by prior holders, and if this note was taken by plaintiff after the expiration of the extended time for payment, the rule of *caveat emptor* applies. If the assignment was only colorable, and the beneficial interest still remained in the payee, and he extended the time of payment as alleged, he should still be held liable for his own acts; and as his receipt would have been good against the claim, upon showing that he was the real party in interest, we are unable to perceive any reason why any other description of discharge would not be equally good.   But the demurrer was special, and assigned as cause, that these pleas only amounted to the general issue.   There can be no question but the defense set up by these pleas would have been admissible under the general issue.   And as a general rule, whatever may be given in evidence under the general issue, is considered as amounting to that issue.   Some matters must be pleaded specially, and some others may be; but this defense is not embraced in either of them.   We are, therefore, of the opinion that there was no error in sustaining this demurrer.   If, however, this was not true, the judgment should be sustained on different grounds.   The defense being admissible under the plea of non-assumpsit, the presumption is, that the court below permitted the appellant to avail himself of this defense on the trial; and in this case, the presumption is not rebutted by a bill of exceptions, showing that he was denied that privilege; and failing in that respect, the judgment should be affirmed.

*Judgment affirmed.*