THE MARINE BANK OF CHICAGO
*v.*
JAMES H. FERRY'S ADMINISTRATORS.

1.  NOTE TELLER IN A BANK — *his authority.*   The functions of a note teller do not extend to the erasure of the name of one of several makers of a note, simply upon his request.

2.  WITNESS — *competency* — *interest.*   One of several makers of a promissory note is not a competent witness on behalf of the defendant, in a suit against one of his co-makers, because of his liability to contribute.

3.  JOINT AND SEVERAL INSTRUMENTS.   Under our statute, a promissory note executed by several, though joint in form, is joint and several.

APPEAL from the Superior Court of Chicago; the Hon. VAN H. HIGGINS, Judge, presiding.

The Marine Bank of Chicago filed in the County Court of Cook county, a claim against the estate of James H. Ferry, deceased, founded on the following promissory note:

" $1,700.00.
                                        CHICAGO, July 22d, 1857.
On the seventh day of November next we promise to pay the Marine Bank or order seventeen hundred dollars, for value received.     Signed,          GEO. W. DAVENPORT,
                                        JAMES H. FERRY,
                                        H. A. JOHNSON."

" Indorsed,          D.      $566.66.      Rec'd Dec. 16, '57.
                    Ferry,   566.66.      "    "    "    ""."

The claim was allowed in the County Court, to the amount of $672.43.

The administrators of the estate of Ferry appealed from this order to the Circuit Court of Cook county, and afterward, by agreement of parties, the cause was removed into the Superior Court of Chicago, where a trial was had before the court, without a jury.

It appears from the testimony of *Charles G. Linkfield,* who was note teller in the Marine Bank, that the note was originally executed by Davenport, Ferry and Johnson; that Davenport paid on the note the sum indorsed thereon, $566.66, on the 16th of December, 1857, and then requested that his name should be erased therefrom, as he had paid one-third of the amount for which it was given. The witness, without any authority, other than from Davenport himself, then erased his name from the note.

After this testimony was given, the defendant offered in evidence the deposition of Davenport, to the admission of which the plaintiff objected, on the ground that Davenport was interested in the result, and a party to the contract or note sued upon in this case. The court sustained the objection and excluded the deposition, to which decision the defendant excepted.

The object and tendency of the testimony of Davenport, was to show that his name was erased from the note by the consent of the bank.

The court found the issues and rendered a judgment for the defendants, and the plaintiff thereupon appealed.

The only question considered by the court is, whether Davenport was a competent witness.

Messrs. SCAMMON, MCCAGG & FULLER, for the appellant.

Mr. E. VAN BUREN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There are two questions presented by this record. The first is, as to the competency of Davenport as a witness in the cause. The other is, was Davenport legally released by the bank, and did this release operate to discharge the other makers of the note? The appellees maintain the affirmative of both these propositions.

We are of opinion that Davenport's deposition was inadmissible, he being interested because liable to contribute unless discharged. Outside of his testimony, there is no proof that he stipulated for his release when he paid one-third of the note, even if he could have done so legally.

The erasure of his name from the note, was done at his request, and without any authority by the clerk who did it. His functions did not extend to any acts of that character. The want of authority is sworn to by both the cashier, Spink, and the note teller, Linkfield, who made the erasure.

Davenport not having been released, consequently the other makers of the note are not, and as the note is joint and several by our statute, it is competent for the bank to resort to either for payment. The judgment is reversed, and the cause remanded.

*Judgment reversed.*