## Mark G. Roby v. George W. Updyke.

1. JUDGMENTS BY CONFESSION—*Waiver of Technicalities.*—By asking for and obtaining leave to plead in the case of a judgment entered by confession, all technicalities and objections to the judgment are waived.

2. JOINT ACTION—*When Not a Bar.*—A joint action against all defendants is no bar to a subsequent action against one alone.

3. WAIVER—*Of Errors in Confession of Judgment.*—Where a defendant shows no equitable reasons why a judgment by confession should not have been rendered against him, the court will not inquire as to errors in rendering judgment against him alone upon a declaration against him and another jointly.

**Vacation of Judgment by Confession.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

W. A. PHELPS, attorney for appellant.

MELVILLE, McELHERNE & STOBBS, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This appeal is from an order of the Circuit Court overruling and denying the motion of appellant to vacate and set aside a judgment entered up by confession against the appellant alone on two certain promissory notes, alleged by the *narr.* and confessed by the *cognovit*, to have been made by appellant and one Sullivan by the name of Roby & Sullivan.

Judgment was entered thereon on January 4, 1895. Thereafter, and on February 11, 1895, on the motion of appellant, leave was given him to plead in said case within five days, the judgment to stand as security, and execution on the judgment was ordered stayed for fifteen days, and by agreement of parties the cause was submitted to the court for trial without a jury, and was continued.

The appellant, instead of pleading to the merits of the cause in accordance with the leave to do so, filed his motion therein on February 16, 1895, to set aside the judgment, and it is from the order denying that motion that the appeal was taken. By asking for and obtaining leave to plead in the cause, the appellant thereby waived all technical objections to the judgment.

The taking of judgment against but one of two persons who are joint promisors and are sued jointly, is at most a technicality. The appellant was liable severally as well as jointly, under the statute. Chap. 76, Sec. 3, Rev. Stat.; Marine Bank v. Ferry, 40 Ill. 255; Nat. Bk. of Oshkosh v. Jennings Trust Company, 44 Ill. App. 285.

And a joint action against all is no bar to a subsequent action against one alone. People v. Harrison, 82 Ill. 84.

But neither did the appellant on the hearing of the motion show any equity why the judgment should not stand.

Because appellant has not shown any equitable reason why the judgment should not have been rendered against him, we will not inquire whether it was technical error to enter judgment against him alone upon a declaration against himself and another jointly.

The judgment of the Circuit Court is affirmed.