CHARLES KAESTNER *et al.*

*v.*

THE FIRST NATIONAL BANK OF CHICAGO.

*Opinion filed December 22, 1897.*

1. APPEALS AND ERRORS—*Appellate Court's affirmance settles controverted questions of fact.* Whether a guaranty sued upon was written upon the note at the time of the endorsement by the party sued as guarantor is a question of fact conclusively settled by the Appellate Court's judgment of affirmance.

2. EVIDENCE—*suit on guaranty of note—when former note containing similar guaranty is admissible.* Where a plea of want of consideration is filed in a suit on the guaranty of a note, a former note guaranteed by the defendants, which was taken up by the giving of the note containing the guaranty in suit, is admissible to show consideration for the latter guaranty.

3. SAME—*when not error to admit proof of consideration of former note.* In a suit on the guaranty of a note it is not error to admit proof of the consideration of a former note guaranteed by the defendants which was taken up by the note containing the guaranty in suit.

4. PARTIES—*suit on joint guaranty may be brought against one or all.* Where a note is guaranteed by an individual and a firm, an action on the guaranty may be brought against the firm alone, without joining the other guarantor.

5. VARIANCE—*what is not a variance between allegation and proof of guaranty.* Where an action is brought against a partnership, as guarantor of a note, the fact that the proof shows that the guaranty was executed by the partnership, together with a third person not joined in the suit, does not constitute a variance.

6. WAIVER—*defendant going to trial without objection waives plaintiff's omission to join issue.* A defendant going to trial without objection waives the plaintiff's omission to join formal issue on one of the defendant's several pleas.

7. INSTRUCTIONS—*when instruction is properly refused.* An instruction which concerns a question of fact involved in other instructions given for both parties may be refused.

8. BILLS AND NOTES—*whether guaranty was written on note when endorsed, or is afterward authorized, is immaterial.* Whether a guaranty is written on a note before the guarantor attached his signature, or whether he first signed his name and then authorized the guaranty to be afterward written over his signature, is immaterial.

*Kaestner* v. *First Nat. Bank,* 68 Ill. App. 460, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This is an action of assumpsit, brought by the appellee against the appellants, composing the firm of Chas. Kaestner & Co., as guarantors upon a note for $3000.00, dated Chicago, November 12, 1892, executed by the Coleman & Ames White Lead Company, by George J. Williams, its manager and vice-president, payable three months after date to the order of Chas. Kaestner & Co., with interest at six per cent per annum, at room 218 First National Bank. The endorsements upon this note are as follows:

"Chas. Kaestner & Co.

"For value received we do endorse and assign this note to First National Bank, Chicago, Ill., and do further hereby guarantee the payment of the same at maturity or at any time thereafter, with interest at seven per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same.

GEORGE J. WILLIAMS,

CHARLES KAESTNER & Co."

Upon the trial in the court below, the plaintiff introduced in evidence another note for $3000.00 dated Chicago, August 9, 1892, executed by the said Coleman & Ames White Lead Company, payable three months after date to the order of Chas. Kaestner & Co. at room 218 First National Bank; upon the back of which note were the following endorsements:

"Chas. Kaestner & Co.

"For value received guarantee the payment of the within note at maturity, or at any time thereafter, with interest at seven per cent per annum until paid; and further agree to pay all costs and expenses incurred in collecting the same, waiving notice, protest and diligence.          CHAS. KAESTNER & Co."

The last note, dated August 9, 1892, was taken up with the proceeds of the note here in dispute, dated November 12, 1892. Appellants, by plea under oath, denied the execution of the guaranty sued upon. They also filed a plea of want of consideration, to which no replication was filed by appellee.

A verdict was rendered in favor of appellee for the face of the note with six per cent interest from its date, and after motions of the appellants for a new trial and in arrest of judgment were overruled, a judgment was rendered upon the verdict. This judgment has been affirmed by the Appellate Court. The present appeal is prosecuted from such judgment of affirmance.

REMY & MANN, for appellants.

ORVILLE PECKHAM, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—Counsel for appellants claim, that the question of paramount importance in this case was a question of fact, namely: whether the guaranty sued upon was written on the back of the note at the time Hecht, one of the appellants, wrote the firm name of Kaestner & Co. thereon. So far as this question of fact was concerned, there was great conflict in the testimony. Such being the case, the judgment of the Appellate Court, affirming the judgment of the circuit court, is conclusive as to such question.

*Second*—It is contended by the appellants, that the court below improperly admitted in evidence the note dated August 9, 1892, and the guaranty endorsed thereon.

A plea of want of consideration was filed by the appellants. The testimony tends to show, that the note, dated August 9, 1892, was owned by the American Exchange National Bank, and came due about the time the note dated November 12, 1892, was executed. The appellants were liable as guarantors upon the note dated August 9, 1892. The testimony shows, that the note, dated November 12, 1892, guaranteed by George J. Williams and Chas. Kaestner & Co., was negotiated at the First National Bank of Chicago for the purpose of taking up and paying the note, dated August 9, 1892. Therefore, the appellants received the benefit of the note upon the guaranty of which this suit is brought, the money raised upon it having been applied to the discharge of a previous indebtedness, upon which they were liable. Hence, the introduction of the note, dated August 9, 1892, in evidence tended to show, that there was a consideration for the contract, on which the suit at bar was brought. Consequently, there was no error in admitting in evidence the note, dated August 9, 1892. Upon the cross-examination of Hecht, one of the appellants, he stated in answer to a question by plaintiff's counsel, that the note dated August 9, 1892, was given for machinery sold by Chas. Kaestner & Co. to the Coleman & Ames White Lead Company. It is objected by the appellants, that the question thus asked upon the cross-examination was improper, and that the evidence called out by it was incompetent. While the consideration of the note, dated August 9, 1892, was not very material, at the same time the proof thus called out on cross-examination was simply in explanation of the whole transaction, and could not possibly have done the appellants any harm.

*Third*—Appellants moved to strike out the guaranty because of an alleged variance between the note and the declaration. This motion was overruled, and exception was duly taken. The guaranty, upon which this suit is brought, was signed by George J. Williams and Chas.

Kaestner & Co. There were only two parties who signed the guaranty, to-wit: the firm of Chas. Kaestner & Co., who are the appellants herein, and George J. Williams. On a joint and several promissory note, made by one of the members of a firm in the partnership name, and by another person in his individual character, a suit may be maintained against the members of the firm without joining the other maker, they, for this purpose, being considered as being one person. (*VanTyne* v. *Crane*, 1 Wend. 524).

The variance, which is claimed to exist, consists in the fact, that the declaration avers, that the defendants "then and there guaranteed," etc., instead of saying that the defendants, *together with one Williams*, "then and there guaranteed," etc. Although the guaranty was signed by Williams and Kaestner & Co., this suit is against Kaestner & Co. alone, and not against Williams who was not joined in the suit. Section 3 of our statute in relation to joint rights and obligations, being chapter 76 of the Revised Statutes, provides, that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants." Where a note is joint and several, it is competent, under our statute, for the holder to resort to either maker for payment. (*Marine Bank of Chicago* v. *Ferry's Admrs.* 40 Ill. 255). On a joint and several obligation executed by more than two persons, one or all may be sued. (*Cummings* v. *People*, 50 Ill. 132). In *Gage* v. *Mechanic's Nat. Bank of Chicago*, 79 Ill. 62, we held, that, where the payees of a promissory note endorsed on the back of it, "For value received we guarantee the payment of the within note at maturity," they become jointly and severally liable to pay the note at maturity, and that, in such case, each of the guarantors is bound to pay the note according to its tenor and effect, and that the holder can bring suit against either of the guarantors. Therefore, in the present case, the appellee had a right to sue the firm of Kaestner & Co. upon the guaranty without joining in such suit George J. Williams,

the other guarantor. Inasmuch, therefore, as Kaestner & Co. were severally liable, independently of the liability of Williams, it was sufficient in the declaration to make an averment, which set up the legal liability of the appellants alone. To have set up that they executed the guaranty together with one Williams, instead of alleging an execution of it by themselves alone, would have been to set up an immaterial detail of the contract. The omission of any reference to Williams, as having guaranteed the note with the appellants, did not prejudice the appellants. We are, therefore, of the opinion, that there was no variance between the declaration and the note and guaranty introduced in evidence in the respect claimed; and that the trial court committed no error in overruling the motion to strike out the guaranty because of such supposed variance.

*Fourth*—Appellants, at the close of the testimony upon the trial in the court below, asked the court to instruct the jury to find a verdict for the defendants. This the court refused to do. Exception was taken to such refusal, and the same is here urged as error. The ground, upon which such refusal is claimed to have been erroneous, is that the appellants filed a plea of want of consideration for the guaranty; that no replication was filed to this plea; and that, therefore, the plea stood admitted on the record and constituted an absolute defense to the action. This position is not well taken, because the omission of the plaintiff below to join formal issue upon the plea of want of consideration by filing a replication thereto, was waived when defendants went to trial without objection upon this ground. The attention of the trial court was not called to the fact, that no replication had been filed to the plea in question. Where several pleas are pleaded, one of which is unanswered, and the parties go to trial without any objection on the part of the defendant that such plea remains unanswered, the objection will be considered as waived, or the irregular-

ity will be cured by the verdict of the jury. (*Ross* v. *Reddick*, 1 Scam. 73; *Shreffler* v. *Nadelhoffer*, 133 Ill. 536; *Strohm* v. *Hayes*, 70 id. 41). There was, therefore, no error in refusing to instruct for the defendants.

The appellants asked the court to instruct the jury, that, unless they believed from a preponderance of the evidence that, at the time the firm name of the defendants was written upon the back of the note in dispute, the stamped guaranty was then upon the note, they should find a verdict for the defendants. This instruction was refused, and its refusal is claimed to have been erroneous. The question whether the guaranty was upon the note when appellants wrote their firm name thereon the second time, or whether the guaranty was written over the firm name after it was signed, was a question of fact which was involved in other instructions given both for the plaintiff and for the defendants. There was, therefore, no error in refusing the instruction the refusal of which is complained of. For instance, one of the instructions given for the defendants was as follows: "The burden of proof is upon the plaintiff to show by the greater weight of the testimony that the defendants executed the guaranty upon the back of the note." If they executed the guaranty upon the back of the note, it was immaterial whether they signed the guaranty after it was stamped upon the note, or whether they signed their firm name and then authorized the guaranty to be afterwards written over such name.

Several technical objections are made to some of the instructions, but we do not regard them as of sufficient importance for further notice. The instructions given submitted the case to the jury fairly and with sufficient accuracy.

The judgments of the Appellate and circuit courts are affirmed.                          *Judgment affirmed.*