### John Joyce v. Lucinda Spafford.

1. JUDGMENTS—*Where Two or More Defendants Are Sued Jointly.*— Where two or more defendants are sued jointly and are served with process or appear, the judgment must be against all of them or none.

Assumpsit, on a joint guaranty. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed May 6, 1901.

Statement.—Appellee sued the appellant and Patrick McMahon jointly, in an action of assumpsit, on their joint guaranty. Both defendants were served with process and appeared. Appellee filed her declaration, declaring against the defendants jointly, and also an affidavit of her claim, under section 36 of the practice act. The defendant McMahon filed a demurrer to the declaration May 8, 1900, and the same day John Joyce, the appellant, pleaded the general issue, and filed with his plea the following affidavit:

" STATE OF ILLINOIS, } ss.
   County of Cook. }

        IN THE SUPERIOR COURT OF COOK COUNTY.
          To the May Term, A. D. 1900.

   SPAFFORD   }
      v.     }
   JOYCE ET AL.  }

Said John Joyce, defendant, makes oath and says that

he verily believes that he has a good defense to this suit, upon the merits as to hold of plaintiff's demand.

(Signed)    JOHN JOYCE.

Subscribed and sworn to before me this 7th day of May, A. D. 1900.

C. S. HAMILTON,

[Notarial Seal.]                                Notary Public."

May 23, 1900, at the May term of the court, the court, on motion of the plaintiff's attorney, entered judgment by default against the defendant Joyce, for failure to verify his plea, assessed the plaintiff's damages at the sum of $1,271.50, and rendered final judgment against him for that amount, from which judgment Joyce prayed and was allowed an appeal. June 2, 1900, also at the May term of the court, Joyce, by his attorney, moved the court to vacate the judgment, and set aside the order allowing an appeal, and filed, in support of said motion, the affidavit of his attorney, in substance that the affiant drafted the affidavit filed with Joyce's plea and wrote the word *whole* instead of the word " hold," which appears in said affidavit, but that affiant's stenographer inadvertently spelled the word *whole* " hold." The court overruled the motion.

EDWARD MARSHALL, attorney for appellant.

MATZ, FISHER & BOYDEN, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The case presented by the record is this: An action against two defendants jointly, service of process on both and appearance of both; an undisposed-of demurrer of one to the declaration, and final judgment by default against the other. The rule that if two or more be sued jointly and are served with process, or appear, the judgment must be against all or none, is fundamental, inflexible, and recognized by numerous decisions. Russell v. Hogan, 1 Scam. 552; Wight v. Meredith, 4 Scam. 360; Gould v. Sternburg, 69 Ill. 531; Sherburne v. Hyde, 185 Ib. 580, 582; Waugh v. Suter, 3 Ill. App. 271.

In Sherburne v. Hyde et al., *supra*, Hyde and Grace were sued jointly; process was not served on Grace, one of the defendants, and the court say :

"Had Grace appeared to the action, or been served with process, it is settled law that the judgment must have been against both or neither."

Many other cases to the same effect might be cited. The only case relied on by counsel for appellee is Roby v. Opdyke, 61 Ill. App. 328. That was an appeal from an order overruling a motion to vacate a judgment by con fession, and the court say :

"But neither did the appellant, on the hearing of the motion, show any equity why the judgment should not stand."

And, for that reason, the court declined to interfere with the judgment.

In Berg v. Com. Nat. Bk., 84 Ill. App. 614, 618, the court say:

"It has been repeatedly held that in cases of judgments by confession, a court of law exercises a purely equitable jurisdiction, and that it will not disturb such a judgment, upon a motion to vacate it, unless the moving party shows that he does not owe the amount of the judgment," etc., citing cases.

To the same effect is Gilmore v. German Savings Bank, 89 Ill. App. 442. The decision in Roby v. Opdyke has not the least application to the present case. We think that if the appellant should apply for leave to plead, on specifically stating facts, by affidavit, constituting a defense to the action, he should be allowed so to do.

The judgment will be reversed and the cause remanded.