Arthur W. McGovney, Appellant, *vs.* The Village of Melrose Park, Appellee.

*Opinion filed June 16, 1909—Rehearing denied October 13, 1909.*

1. Appeals and Errors—*Appellate Court's finding on a mixed question of law and fact is conclusive.* A finding of facts by the Appellate Court in its judgment is conclusive upon the Supreme Court even though some of the facts found involve the consideration of mixed questions of law and fact.

2. Same—*what findings by the Appellate Court are conclusive.* Findings by the Appellate Court, in a judgment reversing a judgment against a village for legal services, that the plaintiff was appointed attorney for the village, that the services for which the recovery was had were services the performance of which was incumbent upon him and within the sphere of his duties as village attorney, and that at the time of his appointment and during all the time of his service there was an ordinance in force fixing the plaintiff's salary as village attorney, are conclusive upon the Supreme Court of the matters recited.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. D. T. Smiley, Judge, presiding.

John H. Batten, and Chauncey M. Millar, for appellant.

F. J. Griffen, for appellee.

Mr. Justice Carter delivered the opinion of the court:

Appellant recovered against appellee, on a trial before a jury in the county court of Cook county, a verdict and judgment for $600, under the common counts, for services claimed to have been performed by him as attorney for said village. The Appellate Court for the First District, on appeal, reversed that judgment with the following finding of facts: "And the court, upon the allegations and proofs in the record in this cause contained, doth find that Arthur W. McGovney, the appellee, was appointed May 9, 1904, by the board of trustees of the appellant, the village of Melrose Park, village attorney of said village, and that he served as such village attorney from the time of his said appointment until May 1, 1905, and that all the services for the performance of which he claims compensation and sues were services the performance of which was incumbent on him and within the sphere of his duties as village attorney; also that when appellee was appointed village attorney, and during all the time he served as such, as aforesaid, there was an ordinance of said village in force by which the salary of village attorney was fixed at the sum of $450 per annum." A certificate of importance was granted by that court, and this further appeal has been prosecuted.

An ordinance was passed June 11, 1900, by the proper authorities of appellee, creating the office of village attorney, providing for the appointment of such officer annually and prescribing his duties. Section 8 of that ordinance is as follows: "The compensation of such village attorney shall be and is hereby fixed at the sum of $450 per annum: *Provided,* that in all special tax or assessment cases carried into courts of record, and in all cases in the State courts of

record and the courts of the United States in which the village may be a party plaintiff or defendant, such village attorney shall be allowed the usual and customary fees of attorneys practicing in such courts, over and above and besides such sum herein fixed and determined as and for his salary." Appellant claims for services performed by him for appellee by special agreement, but there was no entry in the proceedings of the village board showing such employment, although there was a record of his appointment as village attorney under said ordinance. We do not think, as contended by appellant, there was any conflict between this ordinance and the statute as to the manner of appointment of village attorney.

It is insisted by appellant that the finding of facts by the Appellate Court includes legal conclusions, and that therefore this court is not bound by such finding, citing *Hogan* v. *Chicago and Alton Railroad Co.* 202 Ill. 206, and *Martin* v. *Martin,* 202 id. 382. It may be true that the finding of ultimate facts by the Appellate Court includes conclusions, and that to reach these conclusions required the application of legal principles by that court; but the most that can be said in favor of appellant's contention is, that the questions whether he was appointed as village attorney, whether all the services were within the sphere of his duties as village attorney and whether the ordinance in question was in force were mixed questions of law and fact, and the findings of the Appellate Court on questions of that character are conclusive on this court and may not be reviewed here. (*Moerschbaecher* v. *Royal League,* 188 Ill. 9; *Roemheld* v. *City of Chicago,* 231 id. 467.) This being so, it is unnecessary for us to consider or decide the other questions raised in the briefs.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*