WILLIAM H. HARRISON, Defendant in Error, *vs.* MARCUS
R. THACKABERRY, Plaintiff in Error.

*Opinion filed February 25, 1911.*

1. JURISDICTION—*when the court has jurisdiction of person of
surety.* In a suit on a promissory note the obligation of the maker
and the surety is joint and several, and if the surety is found in
the county where suit was brought and served with summons, the
court has jurisdiction of his person and may render judgment
against him, notwithstanding the service of summons on the maker,
who was also a non-resident of the county, was quashed on plain-
tiff's motion.

2. SAME—*when service of summons is properly quashed.* If
neither the maker of a note nor the surety is a resident of the
county where suit on the note is brought, the fact that summons
was served on the surety when temporarily within the county does
not authorize the issue and service of a summons directed to the
county where the maker resides, and if such summons is issued
and served it may be quashed on motion of the plaintiff, but the
court does not thereby lose jurisdiction of the surety.

3. EVIDENCE—*a note is admissible though declaration charges
joint liability.* A promissory note executed by two persons is by
statute a joint and several obligation though joint in form, and in
a suit being prosecuted against the surety alone the note is admis-
sible in evidence, notwithstanding the declaration declares against
both maker and surety jointly, where the declaration also contains
the common counts, which declare jointly and severally.

4. SAME—*evidence tending to show release of surety by exten-
sion of time may be given under the general issue.* In an action
of assumpsit upon a promissory note, where the general issue· is
pleaded, evidence tending to show a valid agreement between the
holder of the note and the maker extending the time of payment
without the consent of the surety is admissible without such mat-
ter being set up by the surety by special plea.

5. SAME—*method of examining a deaf witness rests largely in
the discretion of the court.* Where a witness is deaf his testimony
may be secured by whatever means are necessary and best adapted
to the case, which is a matter resting largely in the trial court's
discretion; and the mere fact that the plaintiff's attorney, when
examining him as a witness in his own behalf, wrote the ques-
tions and handed them to him to read and answer does not show
an abuse of the trial court's discretion.

6. SAME—*writer of letter cannot testify as to his intention or purpose in writing it.*  While the writer of a letter introduced in evidence may show the circumstances under which it was written he cannot be permitted to testify as to his intention or purpose in writing it, and it is prejudicial error to permit the plaintiff in a suit against the surety on a note to explain what he meant by a letter which is relied upon by the surety as part evidence of an agreement to extend the time of payment.

7. SAME—*a witness has a right to correct his answers before signing the deposition.*  A witness whose deposition has been taken has a right to correct his answers before signing the deposition as written out and presented to him.

8. SAME—*pleadings cannot be introduced to impeach a witness not a party to the suit.*  Pleadings cannot be introduced in evidence to contradict the deposition of a witness who was not a party to the suit as it was finally tried.

9. BILLS AND NOTES—*when question whether there was a contract to extend the time of payment cannot be reviewed.*  Whether certain letters introduced in evidence in a suit on a note, in connection with the fact of subsequent payments and other circumstances, constitute a contract whereby the time of payment was extended without the consent of the surety, is a mixed question of law and fact, which the Supreme Court cannot review in a suit at law coming through the Appellate Court.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

C. L. & C. E. SHELDON, for plaintiff in error.

STAGER & STAGER, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of assumpsit in the circuit court of Whiteside county brought by William H. Harrison, defendant in error, against Marcus R. Thackaberry, plaintiff in error, and Milton L. Thackaberry. The case was tried by the court without a jury. Judgment was recovered against plaintiff in error only, which was affirmed on appeal to the Appellate Court. The case was brought here by *certiorari.*

248—33

September 28, 1892, Milton L. Thackaberry, a lawyer residing in Chicago and a brother of the plaintiff in error, negotiated a loan through a bank located at Tampico, Whiteside county, Illinois, in the sum of $5000 for one William D. Rowley, a note for that sum being signed by Rowley and said Milton L. Thackaberry. May 22, 1896, said Rowley note was taken up and a new note of that date given in place thereof for $5423.06, due on or before five years after date, payable to the order of William H. Harrison, with interest at six per cent, signed by M. L. Thackaberry and M. R. Thackaberry. On the back of the note are the following endorsements: "July 13, 1901, paid on note interest $500;" "May 16, 1903, paid on note $500;" "May 20, 1903, paid on note $500." It seems to be conceded in the argument that plaintiff in error had nothing to do with the original loan, and the argument proceeds on the basis that he signed this note as surety, only. A summons was issued by the circuit court of Whiteside county September 30, 1908, against both Thackaberrys, and was served on plaintiff in error, Marcus R. Thackaberry, on October 6, 1908, and a return "not found" was made as to Milton L. Thackaberry on October 12, 1908. The next day a *præcipe* for a summons was filed for Milton L. Thackaberry, directed to the sheriff of Cook county. This was served on October 14, 1908. Plaintiff in error filed a plea in abatement, averring that he was at the time the suit was brought, and still is, a resident of Bureau county, and that when service was had on him he was temporarily, for but a few hours, in Whiteside county, and that Milton L. Thackaberry was a resident of Cook county, and praying judgment if the court would take cognizance of the action. Defendant in error demurred to the plea in abatement and filed a motion to quash the summons to Cook county and the return thereon. The motion was allowed and the Cook county summons quashed and demurrer to the plea in abatement sustained. Plaintiff in error thereupon filed a plea of gen-

eral issue and two special pleas, averring that the note sued on was executed by him as surety for Milton L. Thackaberry, of which the defendant in error had notice, and that the defendant in error, after the note became due, had extended the time of payment, whereby the surety was released. The demurrers to these special pleas were sustained on the ground that they amounted to the general issue and did not aver any consideration for extension to a definite time. Afterward plaintiff in error made a motion for leave to file three special pleas of the same character as the former. This motion was overruled. Thereafter the plaintiff in error moved for leave to file four other special pleas, which motion was overruled for the reason that all matters set up in the special pleas can be proven under the general issue. By agreement the case was tried by the court without a jury and judgment entered for $8187.

The contention is first made that the court erred in sustaining the demurrer to the plea in abatement and the motion to quash the summons served upon Milton L. Thackaberry in Cook county. Under section 6 of the Practice act of 1907 (which is identical in wording, so far as the questions involved here are concerned, with section 6 of the Practice act of 1872,) a defendant may be sued where he resides or may be found, with certain exceptions that do not apply here. It is insisted by counsel that under the decisions in *Sandusky* v. *Sidwell,* 173 Ill. 493, and *Hamilton* v. *Dewey,* 22 id. 490, and cases therein cited, a plea in abatement to the jurisdiction was good in law. We do not so construe those decisions. If judgment had been entered on this record against Milton L. Thackaberry these decisions would have been in point. They would also have been in point if it were necessary to obtain a judgment against the two Thackaberrys jointly. It is clear from the reasoning of this court in *Sandusky* v. *Sidwell, supra,* that as the obligation in this case is joint and several the ruling of the trial court on this question followed the statute. The mo-

tion to quash the Cook county summons ·was properly allowed and the demurrer to the plea in abatement of the plaintiff in error was properly sustained.

It is further argued that the trial court erred in admitting the note in evidence under the general issue, as the declaration declared against both of the Thackaberrys jointly. A promissory note executed by two, even though joint in form, is by statute joint and several. (*Kaestner* v. *First Nat. Bank,* 170 Ill. 322.) The common counts were a part of the declaration. They declared jointly and severally. The note was admissible under them. *Clarke* v. *Newton,* 235 Ill. 530; *Boxberger* v. *Scott,* 88 id. 477.

The further contention is made that the demurrer should not have been sustained to the first two special pleas, and that the trial court should have permitted the filing of the other special pleas which attempted to set up as a defense the release of plaintiff in error as surety by an extension of the time given to the principal debtor. All of the material evidence that plaintiff in error desired to offer was introduced and considered by the court. He was, therefore, not harmed by the ruling as to ·the special pleas. (*Hartford Fire Ins. Co.* v. *Olcott,* 97 Ill. 439.) In an action of assumpsit the general rule is, that any matter may be given in evidence under the general issue which shows that the defendant was not indebted to the plaintiff when the action was brought. Under this rule, an extension of time and the giving of a further day for payment by the creditor on a valid and binding agreement with the principal debtor without the assent of the surety could be given in evidence under the general issue. (*Warner* v. *Crane,* 20 Ill. 148; *Wilson* v. *King,* 83 id. 232; Chitty's Pl. 472-477; *Cleveland* v. *Rothschild,* 132 Mich. 625; *Edson* v. *Weston,* 7 Cow. 278; *Fulton Bank* v. *Stafford,* 2 Wend. 483; Andrews' Stephen's Pl. sec. 117; 2 Ency. of Pl. & Pr. 1027-1029; 18 id. 88.) Conceding that all or any of these pleas

were in proper form, the matter set up under them was admissible under the general issue.

The trial court permitted counsel for defendant in error to examine him as a witness in his own behalf by writing questions and handing them to defendant in error to be answered after they had been read over. The evidence shows that the defendant in error was exceedingly hard of hearing and it was on that account that this method of examination was permitted. The testimony of such a witness may be given by whatever means are necessary and best adapted to obtain accurate information. (8 Am. & Eng. Ency. of Law,—2d ed.—844; 3 Ency. of Evidence, 201; 2 Elliott's Gen. Prac. sec. 618.) Such matters must rest largely in the sound discretion of the trial court. From this record we cannot hold that the court erred in allowing this witness to be thus examined.

It is contended that the time of the payment of this note was extended by defendant in error in May, 1903, for one year. On April 14, 1904, defendant in error wrote to Milton L. Thackaberry a letter, containing, among other things, the following: "About May 5th the year will be up on your note. If you do not wish to take it all up at that time I would like to have a thousand or fifteen hundred paid on it." Defendant in error was asked and permitted to state how he happened to write the letter and under what circumstances. When he undertook to tell what he meant, the court excluded so much of the answer as undertook to tell his purpose. The witness was also permitted to state that he meant by the words, "about May 5th the year will be up," that the year's interest would be due about that time; that he did not have the note before him when he wrote the letter and had forgotten the exact date. We think this evidence was incompetent. While the writer of a letter offered in evidence may show the circumstances under which it was written, he cannot testify as to his intention or purpose in writing it. (*Sutter* v. *Rose,* 169 Ill. 66; *Grant* v.

*Gallup,* 111 id. 487.) This letter had a strong bearing on the question as to whether there had been an extension of time granted to the principal debtor. Whether there was a valid contract for an extension was one of the principal controverted questions in the case. The Appellate Court held this evidence was improper, but stated that it was not ground for reversal because the judgment was sustained by sufficient competent evidence. We are not prepared to so hold.

The deposition of Milton L. Thackaberry was taken before a notary public in shorthand. As a part of the examination he was asked, among other things, whether he had written to counsel for defendant in error in relation to the defense to be interposed, to which he answered, "I might have done so." After the deposition was written out, and before he signed and swore to it, he added to the answer just quoted the words, "but I do not think so." On motion of counsel for defendant in error this addition was stricken out. When the deposition was written out and offered to the witness, before he signed it he had a right to correct his answers. It was error to strike out that part of the answer. The answer was given as part of the cross-examination as to whether he had given certain information to counsel for plaintiff in error before the special pleas heretofore referred to had been prepared and filed. It is argued that Milton L. Thackaberry's testimony on these points was inconsistent with the facts set out in the special pleas which were attempted to be filed. The pleas were admitted in evidence over the objection of plaintiff in error. There is no evidence in the record that counsel for plaintiff in error had ever seen, talked with or communicated with Milton L. Thackaberry (except a day or two before the deposition was taken) with reference to any of these pleas or the defense to be interposed, except what appears from the evidence of Milton L. Thackaberry on this cross-examination. It is apparent that these pleas were permitted to be intro-

duced in evidence to show that Milton L. Thackaberry had not given the same information to counsel for plaintiff in error before they prepared the first pleas that he gave in his deposition. We think these pleas were incompetent for the purpose of impeaching Milton L. Thackaberry. He was not a party to the suit as it was finally tried. No authorities have been called to our attention that would justify the introduction of pleadings in evidence to contradict or impeach a witness not a party to the suit. Under the circumstances of this case we think these pleas were improperly admitted in evidence. Their admission, in connection with that part of Milton L. Thackaberry's answer which was improperly stricken out, constitutes, in our judgment, reversible error.

Counsel for plaintiff in error further contend that the Appellate Court erred in refusing to hold that a certain letter of Milton L. Thackaberry of May 5, 1903, written to Harrison, and the latter's reply on May 6, 1903, with two subsequent payments of $500 each by Milton L. Thackaberry, constituted a contract whereby the time for payment of the note was extended until September 1, 1904, without the consent of plaintiff in error. This question, under the evidence in this record, is a mixed question of law and fact which cannot be reviewed by this court. *McGovney* v. *Village of Melrose Park*, 241 Ill. 142; *Dillon* v. *Knights of Security*, 244 id. 202.

For the errors indicated, the judgments of the circuit and Appellate Courts must be reversed and the cause remanded to the circuit court for further proceedings in harmony with the views herein set forth.

*Reversed and remanded.*