## State Bank of Rock Island, Appellee, v. Harry E. Brown, Appellant.

### Gen. No. 5,720.

1. **BILLS AND NOTES**—*general issue.* In an action on an accommodation note by one who purchased it from the payee, evidence of an extension is admissible under the general issue.

2. **EVIDENCE**—*where question is too general.* Where plaintiff, a bank, sues on a note purchased of the payee, a question of defendant asking the witness where the payee did its banking business while in business is too general and properly excluded.

3. **BILLS AND NOTES**—*evidence as to consideration.* In an action on a note, testimony as to consideration is properly excluded, where there is no plea under which such evidence is competent and it is not cross-examination as to anything testified to in chief.

4. **BILLS AND NOTES**—*burden of proof.* In an action on a note, the burden of proving that an extension made by plaintiff, the holder, was with knowledge that defendant was an accommodation maker is upon defendant.

5. **BILLS AND NOTES**—*questions of fact.* The question as to whether plaintiff, the holder of a note, made an extension with knowledge that defendant was an accommodation maker is one of fact for the jury.

6. **BILLS AND NOTES**—*when instructions properly modified.* In an action on an accommodation note, where there are several makers and only one defends, the instructions are properly modified to relate to him only.

7. **EVIDENCE**—*instructions.* An instruction directing the jury to take into consideration the apparent consistency, fairness and congruity of the evidence, without saying anything about the lack thereof is properly refused.

Appeal from County Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. Rehearing denied April 15, 1913.

SEARLE & MARSHALL and HARRY E. BROWN, for appellant.

J. T. and S. R. KENWORTHY, for appellee.

Mr. Justice Whitney delivered the opinion of the court.

Appellant and three other makers were sued upon a promissory note signed by them as makers, dated January 19, 1907, for $3,000 payable 90 days after date to the order of Concrete Construction Company, with interest at six per cent. per annum, which note was indorsed by the Concrete Construction Company to appellee. Appellant pleaded the general issue. It seems the other defendants did not plead. There was a jury trial and a verdict and judgment for appellee and against the defendants in the court below for $3879.11 from which the appellant Brown alone, appeals.

The facts were that the makers of this note were accommodation makers at the request of the Concrete Construction Company, and that the Concrete Construction Company sold it to appellee to reduce its obligation to appellee. When the note became due appellant was asked to sign a renewal note and refused. Another note was signed by all the makers of the first note except appellant for $3,000 dated April 19, 1907, due 90 days after date; and the interest on the debt for the ensuing ninety days, that is to July 18, 1907, was paid and indorsed. This second note was for the same debt and amounted to an extension of the original note.

It is the contention of appellant that the same rule applies to an accommodation maker as to a surety, and that the extension of this note without the consent of appellant released him, if the holder at the time of the extension, or before, knew that he was an accommodation maker only.

It is the contention of appellee that an accommodation maker is liable to the holder in any event, and that the extension does not release him, and that also the defense of extension cannot be availed of under the general issue.

We are not called upon to determine this contention,

for the court below adopted the theory of the law advanced by appellant and held under the authority of Harrison v. Thackaberry, 248 Ill. 512, evidence of an extension admissible under the general issue and instructed the jury in conformity with appellant's theory by instruction offered by him, and modified by the court, and given as instruction No. 5. If appellee's view is correct, appellant has no defense. Appellant cannot complain that the court below tried the case on the theory of the law most favorable to himself. This left the only controversy one of fact, as to whether appellee when it granted this extension knew that appellant was an accommodation maker. Appellant contends the court erroneously refused to permit him to ask his witness Bryan the following question: "During the time that the Concrete Construction Company was in business, where did it do its banking business?" This ruling is not shown to be erroneous. The question was too general. It covered all of the time that the Concrete Construction Company was in business, and was not limited to the date of this transaction. It does not appear that it was material where it did its banking business. To save any question, appellant should have made an offer of what he expected to prove in answer to this question. If the answer had been that it did its banking business with appellee, we do not see then that it would have benefitted appellant.

Appellant asked the president on cross-examination what consideration passed from appellee to the Concrete Construction Company for the note, and also whether it was received in payment of a prior existing debt of the Concrete Construction Company. There was no plea under which such evidence would have been competent, and such questions were not cross-examination on anything testified to in chief. Those are the only rulings on evidence of which complaint is now made.

A witness testified for appellant that before the ex-

tension the president of appellee was informed that appellant was an accommodation maker. The president positively denied any such information was conveyed to him, or that he knew that fact at that time. The burden of proving that the extension was with the knowledge of appellee that appellant was an accommodation maker was upon appellant. It was a question of fact for the jury. The jury may have seen that in the demeanor of appellant's witnesses on that subject, which caused it to consider the evidence of appellee's president the more trustworthy. The trial judge approved the verdict, which under the instructions, was based simply upon the determination of a question of fact.

Appellant complains of the modification of said fifth instruction. The instruction as drawn alluded to it as an accommodation note of all the makers. Appellant only was defending and the court properly so modified it as to make it relate only as to appellant as an accommodation maker.

Complaint is made of the refusal of the seventh instruction requested by appellant. Said instruction is not sufficiently full. It directed the jury to take into consideration "the apparent consistency, fairness and congruity of the evidence" and did not say anything about the lack thereof, or the apparent inconsistency and unfairness of the evidence, which was a matter which should have been included in the instruction, if it was given. In Bleich v. People, 227 Ill. 80, it is said: "The court can scarcely commit error in refusing instructions designed to influence the jury in passing upon the credibility of witnesses."

We see no error in the refusal of this instruction. The judgment is affirmed.

*Affirmed.*