**Herbert L. Hochschild, Defendant in Error, v. Goddard Tool Company, Plaintiff in Error.**

**Gen. No. 28,297.**

1. MUNICIPAL COURTS—*variance between statement of claim and attached statement of account.* The fact that the statement of claim of plaintiff in an action to recover salary due him declared that plaintiff was suing for a balance of salary due him for the years of 1919 and 1920, which aggregated $20,000, less certain payments, while, by the itemized statement attached to and made a part of the statement of claim, the salary as totalled by plaintiff was $22,111, though showing a loose way of preparing a case is not, in itself, sufficient to require reversal of a judgment for plaintiff.

2. APPEAL AND ERROR—*adherence to theory below.* Where, on the trial of an action for a balance claimed to be due plaintiff as salary, it was assumed by all parties that since the defense set up was payment the burden was on defendant to establish that fact by competent evidence, defendant on appeal will not be allowed to shift its position by contending that since there was an allegation in the affidavit of merits that it did not owe plaintiff any sum the burden of proof was upon plaintiff.

3. EVIDENCE—*accountant's report based on producible books is inadmissible.* In an action to recover a balance of salary claimed to be due to plaintiff where the books of account of defendant cov-

ering the period in question were in court and were not voluminous and should have been admitted in evidence if the proper foundation had been laid but were all excluded, a report made by a public accountant based upon an examination of such books was inadmissible.

4. EVIDENCE—*results of calculation from numerous books may be given by any competent witness.* Where the original evidence in a transaction consists of numerous documents, books, papers or records which cannot conveniently be examined in court and the fact to be proved is the general result of an examination of them, any competent person who has examined the documents may give evidence as to such result, provided the result is capable of being ascertained by calculation.

5. EVIDENCE—*expert accountant's report on books inadmissible without books.* It was error to admit in evidence a statement by an expert accountant as to the result which he found from an examination of books of account before such books were produced and admitted, when such books were available and not voluminous.

6. NEGOTIABLE INSTRUMENTS—*existing law not changed by negotiable instruments law.* The provision of the negotiable instruments law (Cahill's Ill. St. ch. 98, ¶ 88) that "all parties jointly liable on a negotiable instrument are deemed to be jointly and severally liable," did not change the prior law in that respect.

7. APPEAL AND ERROR—*presumption of correctness of ruling below.* In action for a balance of salary due where defendants sought to set off a balance due on a joint note given by plaintiff and defendants jointly as partners but the note was excluded on the ground that it was a partnership obligation and could not be set off against an individual claim of one of the partners and defendant contends that the ruling would be correct except for a provision of the negotiable instruments law, the court's ruling will be assumed to have been proper where the statutory provision did not in fact change the law.

Error by defendant to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed and remanded. Opinion filed April 30, 1924.

FASSETT, ABBOTT & HUGHES, for plaintiff in error; JOHN E. HUGHES and SAMUEL KRAUS, of counsel.

CHARLES C. KIRK, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $4,651, which he claimed was due him as a balance of the salary which he had earned while in the employ of the defendants for the years of 1919 and 1920. There was a verdict and judgment in plaintiff's favor for the amount of his claim and this writ of error is prosecuted by the defendant to reverse the judgment.

Plaintiff, in his statement of claim, alleged that during the year 1919 he was employed by the defendant at a salary of $12,000 per year and for the year 1920 at a salary of $8,000 per year; that certain payments were made to him from time to time on account of the salary which he earned, and that there was still a balance due and unpaid of $4,651. Attached to and made a part of his statement of claim was an itemized statement purporting to show the salary earned and the payments made. This statement showed a total salary earned of $22,111 and total payments made from time to time aggregating $17,460, leaving a balance of $4,651.

The defendant filed an affidavit of merits in which it admitted that plaintiff had been employed by it at a salary of $12,000 for the year 1919 and $8,000 for the year 1920, and averred that it had paid plaintiff in cash in full, with the exception of $1,590; that this latter amount was paid and credited upon a promissory note which was executed by the plaintiff to the defendant in the sum of $5,000. And it was further set up in the defendant's affidavit of merits that the plaintiff was indebted to the defendant on the note for a balance of $204.76, and denied that it owed plaintiff any amount whatever.

Plaintiff's statement of claim was filed May 9, 1922. When the case came on for trial November 21, 1922, the defendant objected that the statement of claim showed on its face that it was incorrect in that it declared that plaintiff was suing for a balance of salary due him for the year of 1919 and 1920 which aggregated $20,000, less certain payments, while in the

Hochschild v. Goddard Tool Co., 233 Ill. App. 56.

statement attached to and made a part of the statement of claim, the salary as totaled by plaintiff was $22,111, and the payments as shown by such statement aggregated $17,460. There was considerable discussion before the court at the beginning of the trial, but the trial judge finally ruled that the statement stand as it was. In this court, further argument is made by both sides on this same question, and an attempt is made by plaintiff to justify the statement as filed, which is not at all satisfactory. We see no reason why plaintiff, when he was declaring in his statement of claim that he was to be paid $12,000 for 1919 and $8,000 for 1920, set this up together with numerous items which total more than the $20,000. It certainly was a loose way of preparing a case. However, we would not reverse the judgment on this ground were the record otherwise free from serious error.

On the trial of the case, it was assumed by all parties that since the defense set up was payment, the burden was on the defendant to establish that fact by competent evidence. In this court, however, the defendant seems to take the position that in addition to setting up payment there was an allegation in its affidavit of merits to the effect that it did not owe the plaintiff any sum, and there is an apparent contention that the burden was upon the plaintiff. Of course, the defendant is in no position to raise this point. It will not be allowed to shift its position in this court. The point now apparently made here, not having been made in the trial court, is not open for our consideration.

Upon an examination of the entire evidence in the record, it is apparent that either party made little or no preparation of the case for trial, and especially is this so on behalf of the defendant when it sought to prove that the defendant company's books showed; in other words, the plaintiff's salary and the payments made thereon. None of the books were in court,

except some loose leafs from the ledger and the witness testified that they were in Detroit where the defendant was then doing business. Afterwards, on the following day all of the books, except one, apparently, were produced in court. Whether the books were correct and would show that the plaintiff had been paid in full or whether they would show a balance still due him, we are unable to say from a careful examination of all the evidence in the record. On the trial, witnesses for the defendant gave testimony to the effect that when plaintiff left the employ of the company, he was asked how much salary was due him as appeared from the books, plaintiff having made a great many entries in the books and they having been kept under his supervision, and that he replied that he could not tell at that time without looking over the books; that he did this later on in the same day and stated that there was a balance due him for salary of $3,490. This conversation was denied by plaintiff, and in rebuttal plaintiff was permitted to offer in evidence a report by one Herron, a certified public accountant, tending to show that Herron had made a cursory examination of the defendant's books, and among other things they showed a balance of salary due plaintiff of $4,651. Herron testified that he did not examine the books for the years 1919 and 1920, but only for ten months for the year 1921 and which term ended October 31, 1921; in other words he began his examination as shown by his report January 21, 1921. The witness testified that he did this because another firm of accountants had made a report prior to that time, apparently covering the years 1919 and 1920. The report consists of five typewritten pages and contains a great deal that has nothing to do with the question before the jury, and for that reason should not have been admitted. Moreover the report should not have been admitted because the court had excluded the books from which the report was made. The books were not voluminous and should have all been in court

and admitted in evidence, if the proper foundation had been made. Apparently all the books but one were in court and they were all excluded. In these circumstances, the report made by Herron was clearly inadmissible. *The People v. Sawhill,* 299 Ill. 393; *Inter-State Finance Corp. v. Commercial Jewelry Co.,* 280 Ill. 116; *The People v. Gerold,* 265 Ill. 448; *Welsh v. Shumway,* 232 Ill. 54.

Where the original evidence in a transaction consists of numerous documents, books, papers or records which cannot be conveniently examined in court and the fact to be proved is the general result of an examination of such books, papers and records, any competent person who has examined the documents may give evidence as to such result, provided the result is capable of being ascertained by calculation. *The People v. Sawhill, supra.* In that case in considering this question, the court said (p. 404): "Many of these authorities state directly that the books of account must ordinarily be introduced for inspection or for the purpose of cross-examination if requested by the opposite party, and none of them intimate that if the books are accessible and can be brought into court, opposing counsel shall not have every reasonable opportunity of examining them and cross-examining the expert who has prepared the schedules or statements therefrom in order to ascertain the correctness of his conclusions. Indeed, the weight of authority appears to be that the books themselves may properly be introduced in evidence, and that the only purpose of the expert witness in testifying to the schedule or a synopsis of their contents is to make such contents readily intelligible to the jury, and that the statements made by the expert witness as to synopsis or the conclusions reached by them are not necessarily binding on the jury; that the jury may make their own calculations from the books and papers in evidence, regardless of the statements of the expert witness." In the instant case we think the

books should have been produced and admitted in evidence before any statement by any expert as to the result which he found was admissible. The court erred in admitting statement made by Herron.

There was also evidence tending to show that plaintiff, Goddard and Swenson were co-partners and executed a note for $5,000.00, payable to the defendant; that Goddard and Swenson had each paid one-third of it, leaving a balance due on the note of $1,590.00, which it was claimed plaintiff owed. The defendant sought to show that it had charged or attempted to charge plaintiff's salary with this $1,590.00. This note was received in evidence, but afterwards excluded, apparently on the ground that it was a co-partnership obligation and could not be set off against an individual claim of one of the partners. Defendant contends, as we understand it, that the ruling of the trial judge would be in accordance with the law, except for the provision contained in section 68 of chapter 98, Cahill's Statutes [Cahill's Ill. St. ch. 98, ¶ 88]. That section is as follows: ''As respects one another, indorsers are liable *prima facie* in the order in which they indorse, but evidence is admissible to show that as between or among themselves they have agreed otherwise. All parties jointly liable on a negotiable instrument are deemed to be jointly and severally liable.'' And counsel contend that by reason of the last sentence of the section just quoted the law was changed by the Legislature, and, therefore, the defendant should have been permitted to set off or charge against plaintiff's salary the $1,590.00 remaining due on the note.

The statute quoted did not change the law in the case. *Harrison v. Thackaberry*, 248 Ill. 512, the court said (p. 516): ''A promissory note executed by two, even though joint in form, is by statute joint and several. (*Kaestner v. First Nat. Bank*, 170 Ill. 322.)'' This opinion although handed down in 1911 after the passage of the Negotiable Instruments Act in 1907,

was based upon the opinion rendered by the supreme court in the *Kaestner* case, *supra,* which was delivered by the supreme court in 1897, several years before the Negotiable Instrument Act was enacted. It being conceded by counsel for the defendant that without this section of the Negotiable Instrument Act the ruling of the trial judge was correct and since that section did not change the law as it had theretofore existed, we will assume that the ruling was proper. But upon the trial plaintiff gave testimony indicating that it would be agreeable to him to have the $1,590.00 charged against the salary remaining due. Of course, if this were his position, it would be proper to have the jury give credit for the amount due on the note, but counsel for both parties on the trial in their argument to the court seem to have overlooked the attitude taken by the plaintiff.

Complaint is also made by counsel for defendant that the conduct of the trial judge was prejudicial to it. We are clearly of the opinion that there is no merit in this contention, for upon a careful consideration of the entire record in the case, we think the action of the trial court was not subject to criticism, but on the contrary, he gave both parties great latitude, and while there may have been error in some of the rulings, we think, that considering the way the evidence was presented, the trial judge is not subject to the criticism made.

The judgment of the Municipal Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J. and THOMSON, J. concur.