CONTINENTAL ILLINOIS BANK & TRUST CO. v. CLEMENT.

BILLS AND NOTES—JOINT AND SEVERAL OBLIGATION.

   Promissory note worded in singular but signed by two persons is joint and several obligation of signers (2 Comp. Laws 1929, § 9266; Smith-Hurd Illinois Rev. Stat. [1931], chap. 98, § 88).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 20, 1932. (Docket No. 108, Calendar No. 36,430.) Decided June 6, 1932.

Assumpsit by Continental Illinois Bank & Trust Company, an Illinois corporation, against Belle W. Clement on a promissory note. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Howard, Kimball & Howard,* for plaintiff.

*Adams, Van Horn & Bloem,* for defendant.

NORTH, J. This is a suit on a promissory note signed by the defendant, Belle W. Clement, and another, Byron C. Thorpe. The defense urged is that the note is the joint obligation of the two makers, and that plaintiff cannot recover because one of them was not made a party defendant. The jury's verdict was in favor of the plaintiff, but judgment for defendant was entered *non obstante*. Plaintiff has appealed.

The note in part reads:

"Chicago, Ill., February 9, 1931.

"Sixty days . . . . . after date, the undersigned, for value received, promises to pay to the order of Continental Illinois Bank & Trust Company, at its office in Chicago, Ill., Twenty-four thousand dollars. * * *

"To secure the payment of this note * * * the undersigned has pledged, transferred and delivered to said bank the following property, viz: (sundry securities) and further to secure said note and liabilities the undersigned hereby pledges, assigns and transfers any and all other property now or hereafter and howsoever in the possession or control of the holder hereof. * * *

(Signed) "BYRON C. THORPE
(Signed) "BELLE W. CLEMENT."

The negotiable instruments law of this State (2 Comp. Laws 1929, § 9266) provides:

"Where an instrument containing the words 'I promise to pay,' is signed by two or more persons, they are deemed to be jointly and severally liable thereon."

"If an instrument worded in the singular is executed by several, the obligation is a joint and several one." *Dow Law Bank* v. *Godfrey,* 126 Mich. 521 (86 Am. St. Rep. 559), citing numerous cases.

It is quite persuasive that each of the several verbs used in this note is in form to agree with a

subject in the singular, not in the plural. Conforming to this construction, the note, if stated in such words as would eliminate the seeming ambiguity, would read: Each (not both) of the undersigned promises to pay, etc. A note so drawn would clearly fall within the above-quoted portion of the negotiable instruments law and the decisions cited. We think it follows that the note in suit is the joint and several obligation of the makers.

In the trial court counsel agreed that the case should be controlled by the law of the forum rather than the law of Illinois, where the note was executed and made payable. Appellant's brief now points out that counsel were in error in so stipulating, but appellee insists that the stipulation should be held binding upon the parties in this appeal, and that the law of Michigan should control. The same result will be reached in either case. Section 68 of the Illinois negotiable instruments law provides:

"All parties jointly liable on a negotiable instrument are deemed to be jointly and severally liable." Smith-Hurd Illinois Revised Statutes (1931), chap. 98, § 88.

Not only by statutory provision but by court decision it appears the rule in Illinois is that persons who sign a note joint in form are liable both jointly and severally. *Hochschild* v. *Goddard Tool Co.,* 233 Ill. App. 56; *Harrison* v. *Thackaberry,* 248 Ill. 512 (94 N. E. 172).

The judgment entered in the circuit court is set aside, and the case remanded with direction to enter judgment upon and in accordance with the verdict of the jury. Costs to appellant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.